UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-22087-Scola/Otazo-Reyes

MEDARO KAUFFMAN BAREA and all
Others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,

vs.

MIAMI USED PALLETS, CORP. and
ROBERTO RODRIGUEZ RAMOS,

    Defendants.
_____/

## RESPONSE TO STATEMENT OF CLAIM

**COME NOW,** the Defendants, by and through their undersigned attorney and herewith submit this, their initial Response to Plaintiff's Statement of Claim dated August 10, 2015, as reflected in docket number 18 and also referred to as Plaintiff's Amended Statement of Claim, and in support thereof would state as follows:

    1.    On August 10, 2015, the Plaintiff filed his Statement of Claim also referred to as Amended Statement of Claim in number 18 of this Court's docket entry.

    2.    Plaintiffs have set forth eight (8) scenarios of calculations seeking recovery from June 1, 2010 in their Second Period of Claim as set forth on page 2 of 6 thereof.

    3.    At the onset, Defendants would submit that the applicable periods of limitation would be three (3) years from date of filing, even if willful.  See <u>Gutescu v. Carey International, Inc.</u>, 2003 WL 25586749, United States District Court, Southern District of Florida (July, 2003)

1

and Wirtz v. Handy, 279 F.Supp. 264, United States District Court, Southern District of Florida (December, 1967).

4. As set forth in Defendant's Motion to Dismiss, the Plaintiff miss-states the facts as admitted in Initial Discovery responses to Defendant's Interrogatories.

5. In particular, Plaintiff repeatedly fails to state salient facts, including but not limited to his compensation in addition to a weekly salary which included housing, utilities and associated expenses.  Same were a material part of his compensation; when coupled with Plaintiff's base salary of $600.00 per week exceeded any amount to which he would be entitled for overtime.  Plaintiff also incorrectly states that he worked 98 hours per week, which Defendants specifically deny.

6. The Plaintiff was paid a base salary of $600.00 per week, in addition to being provided with living quarters, utilities and household expenses, the culmination of which exceed not only minimum wage requirements, but also any overtime pursuant to the Fair Labor Standards Act.

7. Such material facts have been left out in Plaintiff's Statement of Claim and calculations despite being a material part of his compensation.  Plaintiff further embellishes on the number of weekly hours worked.

8. According, Defendants specifically deny the calculations as set forth in Plaintiff's Statement of Claim dated August 10, 2015 as same ignore facts which should be stated and which have been acknowledged in discovery.

9. Based upon having received said Statement of Claim within the past five (5) days, the Defendants are also continuing to compile records and/or information reflecting actual hours of employment which Defendants would seek to submit on or before August 21, 2015.

WHEREFORE, the Defendants herewith submit this their Response to Plaintiff's Statement of Claim also referred to as Amended Statement of Claim dated August 10, 2015.

LAW OFFICES OF
STEPHEN N. ROSENTHAL, ESQ.


BY:__/s/_____
STEPHEN N. ROSENTHAL, ESQ.
Attorney for Defendants
Florida Bar # 346144
The City National Bank Building
25 West Flagler Street, Suite 1040
Miami, Florida 33130
Tel: (305) 931-1115
Fax: (305) 931-1180
Email: snrlw@aol.com




_____/s/_____
SCOTT EGLESTON, ESQ.
Co-Counsel for Defendants
Florida Bar # 883425
152 N.E. 167th Street
Suite 300
Miami, Florida 33162
Tel: (305) 892-8088
Fax: (305) 675-3730
Email: Scott@eglestonlegal.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 14, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: J. H. ZIDELL, ESQ., zabogado@aol.com and to: Steven Fraser, Esq., Steven.Fraser.esq@gmail.com.

/s/_Stephen N. Rosenthal, Esq.

STEPHEN N. ROSENTHAL