**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-CV-22087-Scola/Otazo-Reyes**

MEDARO KAUFFMAN BAREA and all
Others similarly situated under 29 U.S.C.
216(b),

  Plaintiff,

vs.

MIAMI USED PALLETS, CORP. and
ROBERTO RODRIGUEZ RAMOS,

  Defendants.
_____/

**DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER**

  **COME NOW,** the Defendants, by and through their undersigned attorney and herewith file this, their Renewed Motion for Protective Order, and in support thereof would allege as follows:

  1. The instant action was filed by Plaintiffs on or about June 1, 2015.

  2. In connection therewith, Plaintiffs have also propounded their First Request for Production consisting of 63 paragraphs, many of which are requesting documentation from 2002, in addition to bank statements, credit card statements and documentation with respect to all employees of Defendants even though they are not parties to this action.

  3. As can be noted, the discovery in connection with this case, including the interrogatories propounded by Plaintiffs are unduly overbroad, burdensome, and to a large extent irrelevant and immaterial, but further even if Plaintiffs were able to demonstrate willful violations by Defendants herein, their relief would be limited to a period of three (3) years from

1

the filing of their Complaint. See GUTESCU v. Carey International, Inc., 2003 WL 25586749, United States District Court, Southern District of Florida (July, 2003) and Wirtz v. Handy, 279 F.Supp. 264, United States District Court, Southern District of Florida (Dec., 1967).

4. The Defendants herein operate a small business pursuant to which they rebuild and/or sell used pallets, and in accordance therewith the Defendants have also filed their Motion to Dismiss based upon a lack of interstate commerce.

5. Notwithstanding the foregoing, Defendants would respectfully submit that any discovery whether by way of request for production, interrogatories or otherwise should be limited to the applicable period of limitations i.e. 3 years even if violations were deemed willful.

6. In this regard, Defendants would seek the entry of a Protective Order from this Honorable Court limiting discovery to the relevant 3 year period, and also with respect to items such as credit cards, etc. which may be the subject matter of discovery in aid of execution rather than following the filing of the instant action.

7. Furthermore, Plaintiffs are seeking documents from 2002 many of which Defendants have been unable to obtain, nor are they required to retain as a matter of law.

8. Accordingly, Defendants would seek the entry of a Protective Order as follows:

A. Limiting discovery as to financial records to a period of three (3) years prior to the date of filing;

B. Limiting discovery to the actual Plaintiffs in connection with this case rather than all employees of Defendants; and,

C. Limiting discovery to said three (3) year period of time as to income records, but excluding production of financial records such as credit cards, bank statements and other documentation which may only be otherwise subject to discovery in aid of execution.

WHEREFORE, the Defendants would respectfully move this Honorable Court for the entry of an Order granting an extension of time to file their Response to Plaintiff's Statement of Claim, together with any other relief this Honorable Court deems meet and proper.

## CERTIFICATE OF GOOD FAITH

Defendant's Counsel and Plaintiff's counsel previously discussed this Motion, and in particular the applicable periods of limitations in connection with this cause, and accordingly made a good faith effort to resolve same, however counsel for the respective parties do not agree as to the periods which should be applicable.

LAW OFFICES OF
STEPHEN N. ROSENTHAL, ESQ.


BY:__/s/_____
STEPHEN N. ROSENTHAL, ESQ.
Attorney for Defendants
Florida Bar # 346144
The City National Bank Building
25 West Flagler Street, Suite 1040
Miami, Florida 33130
Tel: (305) 931-1115
Fax: (305) 931-1180
Email:  snrlw@aol.com

               /s/
            SCOTT EGLESTON, ESQ.
            Co-Counsel for Defendants
            Florida Bar # 883425
            152 N.E. 167th Street
            Suite 300
            Miami, Florida  33162
            Tel: (305) 892-8088
            Fax: (305) 675-3730
            Email:  Scott@eglestonlegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 18, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  J. H. ZIDELL, ESQ., zabogado@aol.com and to: Steven Fraser, Esq., Steven.Fraser.esq@gmail.com.

            /s/  Stephen N. Rosenthal, Esq.

            STEPHEN N. ROSENTHAL