United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Medardo Kauffman Barea, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-22087-Civ-Scola |
| Miami Used Pallets, Corp., and | ) |
| Roberto Rodriguez Ramos, | ) |
| Defendants. | ) |

## Order on Motion to Dismiss

Defendants Miami Used Pallets, Corp. and Roberto Rodriguez Ramos ask the Court to dismiss Count 3 of the Amended Complaint for state law minimum wage violations. (Mot., ECF No. 40.) Defendants assert Count 3 should be dismissed for two reasons: (1) Barea failed to comply with the 15-day notice requirement under Section 448.110, Florida Statutes, and (2) Barea's five year statute of limitations under his state law claim is preempted by the FLSA's shorter statute of limitations. (*Id.* at 1–2.)

Florida Statutes Section 448.110(6) requires an employee to provide an employer with notice of the minimum wage to which the employee claims entitlement, and the employer has 15 days from the receipt of the notice to pay the total amount of unpaid wages. Neither party disputes this requirement. Additionally, the parties do not dispute the facts surrounding the notice. Barea sent notice to Defendants on June 1, 2015. (Am. Compl. ¶ 22.) Two days later, Barea filed the initial complaint, which did not contain a claim for unpaid minimum wages under state law. (Compl., ECF No. 1.) Defendants received the notice on June 6, 2015. (Am. Compl. ¶ 22.) On October 3, 2015, after receiving leave of the Court, Barea filed the Amended Complaint. (*Id.*) In the Amended Complaint, Barea included a claim for unpaid wages under state law and alleged that all conditions precedent were met, including notice. (Am. Compl. ¶¶ 22–23.)

Yet, Defendants argue that the Amended Complaint impermissibly raises a claim for unpaid wages under state law, because at the time Barea filed the initial complaint, he had not provided notice. The Court does not agree. Courts in this district have time and again dismissed state law claims for unpaid wages without prejudice and with leave to re-file to comply with the notice requirement. *See, e.g.*, *Ramirez v. Martinez*, No. 08-21863, 2009 WL 199786, at *5 (S.D. Fla. Jan. 23, 2009) (Torres, Mag. J.) ("However, as the statute of limitations has not run, Count II must be dismissed without

prejudice. Plaintiff is granted thirty (30) days leave to amend his complaint to comply with the presuit notice requirement.") Therefore, the Court will not dismiss Count 3 of the Amended Complaint—previously, the Court granted Barea leave to amend, and he provided notice prior to filing the Amended Complaint.

Defendants also argue that Count 3 is barred by the FLSA's more restrictive statute of limitations. Actions to enforce the minimum wage laws of Florida are "subject to a statute of limitations of four years or, in the case of willful violations, five years." *Davila v. Menendez*, 717 F.3d 1179, 1184 (11th Cir. 2013) (quoting Fla. Const. Art. 10, § 24(e)). In contrast, the statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years or three years if the claim is one "arising out of a willful violation." 29 U.S.C. § 255(a). Defendants argue that the FLSA's shorter statute of limitations somehow preempts the five year statute of limitations. (Mot. ¶ 6, ECF No. 40.) But, Defendants fail to point to a single shred of authority to support its theory. And the Court has not been able to locate any case where this theory has been advanced, let alone applied. Finally, "the FLSA does not preempt state law contract provisions that are more generous than the FLSA demands." *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292, 1298 (11th Cir. 1998). It follows that the FLSA does not preempt Florida's unpaid minimum wage statute.

Accordingly, for the foregoing reasons, Defendants' Motion to Dismiss Count 3 is **denied**.

**Done and ordered**, at Miami, Florida, on December 14, 2015.

_____
Robert N. Scola, Jr.
United States District Judge