## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-cv-22087-Scola/Otazo-Reyes

MEDARDO KAUFFMAN BAREA and all
others similarly situated under 29 U.S.C.
216(b),

        Plaintiff,

vs.

MIAMI USED PALLETS, CORP. and
ROBERTO RODRIGUEZ RAMOS,

        Defendants.
_____/

### DEFENDANTS' RESPONSES TO PLAINTIFF MEDARDO KAUFFMAN'S MOTION TO COMPEL

**COME NOW**, Defendants, MIAMI USED PALLETS, CORP., and ROBERTO RODRIGUEZ, by and through the undersigned counsel, and hereby file this Response to Plaintiff's Motion to Compel.

### GENERAL OBJECTIONS AND RESERVATIONS

The Plaintiff filed his Amended Complaint on October 3, 2015 adding a Claim for Violation of Florida Minimum Wage Law.

This Court held a hearing on October 9, 2015 with respect to Defendant's Motion for Protective Order concerning financial disclosures. This Honorable Court limited disclosure of financial records to three (3) years.

Plaintiff's Motion to Compel filed on December 11, 2015 again requests five (5) years of disclosure in contravention to the Court's Order limiting such disclosure to three (3) years.

Insofar as any request properly seeks information, the Defendants have made a reasonable effort to locate such information. Discovery is ongoing, and the Defendants reserved their right to supplement these responses. The Defendants reserve their right to rely on any information or other evidence that may develop or come to Defendants attention at a later time.

Case No.: 15-cv-22087-Scola/Otazo-Reyes

By making these responses, the Defendants do not concede that matter stated in these responses are properly discoverable or admissible, and reserve their rights to object to further discovery into such matters and to the introduction of these responses into evidence.

Defendants object to each and every request to the extent that it seeks information protected by any applicable privilege, including, without limitation, the attorney-client privilege or the work product doctrine. Defendants reserve the right to object at any time before or at trial to the introduction into evidence of the use of any privileged information that has been revealed or produced inadvertently.

Defendants object to each and every request to the extent that it seeks information constituting trade secrets or proprietary information.

Defendants object to each and every request that seeks mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Defendants.

Defendants incorporate the foregoing privilege-based objections to each and every response set forth herein.

## RESPONSES AND OBJECTIONS

**REQUEST NO. 1**

Complete copies of each Corporate Defendant's income tax returns showing the gross income or business done for the corporate defendant for the years, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013 and 2014. Including all attachments to said income tax returns that were filed with the IRS.

**RESPONSE:**

The Defendants have previously provided the Corporate Defendant's income tax returns for 2012, 2013, and 2014 in compliance with the Court Order. The Defendants have also provided Corporate Defendant's estimated income for 2015. In addition the Plaintiff sent a subpoena Duces Tecum to the Corporate Defendant's accountant Ramon Reyes, requesting any and all financial documents as it relates to the Corporate Defendant. The accountant for the Corporate Defendant complied with same and provided all documents

in his possession as related to the Corporate Defendant. On Monday January 4, 2016 a formal deposition of the Corporate Defendant's accountant Ramon Reyes, was taken at the law office of the Plaintiff. Although the Defendant is in compliance with the Court order and has provided all documents within his possession, and although the accountant for the Corporate Defendant has complied with said subpoena Duces Tecum, Plaintiff filed said motion alleging that they need further documents. Defendant will object to same request, as at this point it is tantamount to harassment.

### REQUEST NO. 45

Any and all contracts, invoices, statements, or documents of any kind reflecting the purchase or acquisition of any and all goods, materials, supplies, merchandise, equipment used and/or sold by Defendants.

### RESPONSE:

Defendants object to this request as it is unduly burdensome. The Defendants have provided information as it relates to this request such as invoices, and documents reflecting the purchase of materials used by the Defendant. The Defendants do not have any contracts of any kind reflecting the purchase or acquisition of any goods, materials, supplies, merchandise, and equipment used and/or sold by the Defendants.

### REQUEST NO. 46

Any and all documents which reflect purchases of goods and/or materials in

### RESPONSE:

Defendants object to this request as it is vague.

### REQUEST NO. 48

Any and all invoices, statements, or billings of any kind, received from the vendors for the purchase or acquisition of goods or materials used by Plaintiff, including documents which evidence the particular goods or materials which were acquired by Defendants.

Case No.: 15-cv-22087-Scola/Otazo-Reyes

**RESPONSE:**

Defendants object to this request as it is unduly burdensome. Defendants have provided documentation that is in possession of the Defendant as it relates to this request.

**REQUEST NO. 49**

Please produce all supply orders from vendors.

**RESPONSE:**

Defendants object to this request as it is vague.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 7, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: J. H. ZIDELL, ESQ., zabogado@aol.com

Respectfully submitted,

**Law Office of Scott Egleston**
*Counsel for Defendants*
152 NE 167th Street, Suite 300
Miami, Florida 33162
P: (305) 892-8088
E: scott@eglestonlegal.com

By: /s/ Scott Egleston
    Scott Egleston Esq. (Fla. Bar # 883425)