UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-cv-22087 Scola/ Otazo Reyes

MEDARDO KAUFMAN,

    Plaintiff

vs.

MIAMI USED PALLETS CORP., and
ROBERTO RODRIGUEZ,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT &
INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

COME NOW the Defendants, MIAMI USED PALLETS CORP., and ROBERTO RODRIGUEZ (" collectively "Defendants"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 (c) which states that a judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact, and hereby move for entry of a summary judgment in their favor, and in support thereof, state as follows:

**I.**      **INTRODUCTION**

The following undisputed facts and legal argument compel a finding by the Court that: (1) the Court lacks subject matter jurisdiction to consider a FLSA claim; and (2) there are no genuine issues of material fact in support of Plaintiff's action.  Therefore, for reasons below stated, Defendants are entitled to final summary judgment as a matter of law.

In order to survive Defendants' summary judgment motion in an action brought under the Fair Labor Standards Act ("FLSA"), the Plaintiff must proffer facts that show that either "individual coverage" or "enterprise coverage" applies to the instant case. *See* 29 U.S.C. § 207(a)(1); s*ee also Dent v. Giaimo, D.O., P.A*., 606 F. Supp. 2d 1357 (S.D. Fla. 2009). Because Plaintiff has not presented *any* facts which show that either Miami Used Pallets Corp., and Roberto Rodriguez was engaged in: (1) commerce or in the production of goods for commerce, or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce, his FLSA action fails as a matter of law. *Id.*

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

The following facts are undisputed and support a finding in favor of the entry of final summary judgment. First of all, Miami Used Pallets Corp. and Roberto Rodriguez are engaged in the business of purchasing broken wooden pallets, then repairing the broken wooden pallets on site which are then sold, of course repaired, for resale. All of the vendors and/or individuals which sell the broken wooden pallets to the Defendants are local South Florida vendors and/or sellers and or individuals. The local businesses and or vendors and/or individuals bring the broken wooden pallets to the business site Miami Used Pallets which is located at 772 NW 22nd Street Miami Florida 33127. The Defendants and/or any of its employees ever leave the site to pick up any broken pallets from any individual and/or local vendor and/or seller. The broken wooden pallets are then repaired on site. After the broken wooden pallets are repaired they are then sold. The repaired used pallets are sold to local buyers and/or individuals *See* Affidavit of Roberto Rodriguez attached hereto as **Exhibit "A"**.

In addition to these undisputed facts the Plaintiff in this cause of action, Medardo Kaufman was employed by the "Defendants " as a fork lift operator. His only job function was to

load the repaired pallets onto the purchasers' trucks. He was not involved in any negotiations of the business; he was not involved in ever leaving the business at any time whatsoever. All of said business of the Defendants in this cause of action and the only and sole place of business is here in Miami Dade County.  The address of Miami Used Pallets  is 772 NW 222nd Street Miami Florida 33127. All of its purchasers are local south Florida businesses and/or individuals. Finally, neither Miami Used Pallets Corp. or Roberto Rodriguez  engages in commerce or in the production and/or sale of goods for commerce within the State of Florida or elsewhere and, therefore, neither constitutes an "Enterprise" for purposes of 29 U.S.C. § 201, *et. seq*.

### III.    SUMMARY OF LEGAL ARGUMENT

Defendants are entitled to final summary judgment pursuant to Federal Rule of Civil Procedure 56(c)[1] in that the pleadings and supporting materials, including the Affidavit of Roberto Rodriguez, establish that the Court lacks subject matter jurisdiction over the instant action because the "interstate component" of a FLSA action has not been satisfied.  Therefore, Defendants are entitled to judgment as a matter of law.  See *Juan Velasquez v. All Florida Security Corp.*, 2008 WL 5232916 (S.D. Fla. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] The Supreme Court has held that Courts must be mindful of the purpose of Rule 56, which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. *Id.*  Additionally, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. *Anderson v. Liberty Lobby, Inc. .,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### IV.     MEMORANDUM OF LAW

The Defendants are entitled to final summary judgment because in his Complaint, the Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over his alleged FLSA claim.  In order to establish subject matter jurisdiction under FLSA, Plaintiff must meet the criteria for the "Individual Coverage" (where an employee is in commerce or the production of goods for commerce) or "Enterprise Coverage" (where an employee works for an "enterprise" engaged in commerce or in the production of goods for commerce).  29 U.S.C.  206(a), 207(a).  *See Dent v. Giamo*, 606 F.Supp.2d 1357, 1359-1360 (S.D. Fla. 2009). Ares v Manuel Diaz Farms Inc., 318 F.3d 1054, 1056 ((11th Cir 2003). The burden of proof lies on the employee to establish that they were engaged in interstate commerce, or in the production of goods and that such production was for interstate commerce. Kitchens v Florida United Methodist 393 F. Supp. 2d 1282, 1292 (M.D. Fla. 2005).  Under the latter, for example, as a former employee of Miami Used Pallets and or Roberto Rodriguez ., the Plaintiff *must* show that either of the Defendants are an "enterprise"[2] that: (1)(a) has employees engaged in commerce or in the production of goods for commerce, or (1)(b) has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, **and** (2) has an annual gross volume of sales made or business done of not less than $500,000.  Fair Labor Standards Act of 1938, § 3(s)(1)(A), 29 U.S.C.A. § 203(s)(1)(A)(i) and (A)(ii).  As a former employee, Plaintiff has the burden of proving the foregoing, and since the Plaintiff *cannot* meet his burden, his action must be dismissed.  *Kitchings v. Florida United Methodist,* 393 F.Supp.2d 1282, 1292 n. 25 (M.D.Fla.2005); *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 121, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); *Warren-Bradshaw Drilling Co. v. Hall,* 317 U.S. 88, 90, 63 S.Ct. 125, 87

---

[2] For "Enterprise Coverage" under FLSA, as defined in 29 U.S.C. 203(s)(1) (2006).

L.Ed. 83 (1942) (all holding that for Plaintiff to show that a business is engaged in commerce, the test "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it."), citing *McLeod v. Threlkeld,* 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943) (denying application of FLSA where employee did not have "close and immediate tie with the process for production of goods for commerce"); *see also Noonan v. Fruco Const. Co.*, 140 F.2d 633, 634 (8th Cir. 1943) (finding that as an "essential part" of an action under FLSA, a Plaintiff must prove that ***the activity of which he was engaged*** had a "close and immediate tie" with production for commerce).

In showing a "close and immediate tie," to survive final summary judgment, Plaintiff must specifically show that: (1) as an employee of Miami Used Pallets Corp , he himself was engaged in commerce or in the production of goods for commerce (a/k/a Individual Coverage); or (2) Miami Used Pallets Corp constituted a statutory "enterprise" which engaged in commerce or in the production of goods for commerce (a/k/a Enterprise Coverage). *Kitchings* at 1292, citing *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003). Defendants have addressed each test more specifically below.

### A. Individual Coverage

Summary judgment is wholly proper on these facts because, with respect to the "Individual Coverage" test, the Plaintiff cannot meet a single element. When determining "individual coverage in the context of the Fair Labor Standard Act (FLSA) 29 U.S.C.S 207(a)(1) the character of the employees activities is determinative, not the nature of the employer's business. The test therefore is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a

part of it, rather than an isolated local activity. The application of the test to a FLSA claim is essentially a line drawing exercise. For an employee to be engaged in commerce under FLSA he must be directly participating in the actual movement or persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g. transportation or communication industry employees, or (ii) by regularly using instrumentalities of interstate commerce in his work, e.g. regular recurrent use of interstate telephone, telegraph, mails or travel 29 C.F.R. 776.23 (d)(2) (2005) 29 C.F.R. 776.24 (2005). In *Thorne v. All Restoration Services*, 448 F.3d 1264, 1265-1266 (11th Cir, 2006) the Court held that the mere purchase of goods that previously moved in interstate commerce for intrastate use is insufficient to implicate interstate commerce. The Court reasoned that the Plaintiff who performed mold and water damage restoration work for residential and commercial properties was not covered by FLSA just because in the course of his work he purchased tools that may have crossed state lines at some previous time. In this case, it is undisputed that the Plaintiff was a forklift operator. It is undisputed that in that function he never left the site in Miami Used Pallets located in Miami Dade County. It is undisputed that as a forklift operator he moved the pallets to the trucks that were purchasing the used pallets. It is undisputed that the individuals and or companies and/or businesses that purchased the repaired used pallets were local Florida businesses and/or individuals. The record is devoid of any proof whatsoever that the Defendants in this matter sold the repaired used wooden pallets to any person, company, business that was from outside the State of Florida or for that matter out of southern Florida. It is also not in dispute that the Plaintiff's responsibilities was not closely related and directly essential to the production of goods for commerce Scott v K.W. Max Investments 256 Fed Appx 244 (Eleventh Cir. 2007).

Finally, Plaintiff also cannot show that while employed with Miami Used Pallets, he was "engaged in the production of goods for commerce," meaning that the activities he engaged constituted work that ". . . is closely related and directly essential to the production of goods for commerce." *See* Fair Labor Standards Act of 1938, § 7(a)(1), 29 U.S.C.A. § 207(a)(1). *See generally Dent* at 1359. Rather, to qualify for Individual Coverage, *Plaintiff's own individual activities are determinative, not the nature of the Defendants' business*. *See Overstreet v. N. Shore Corp.,* 318 U.S. 494, 498 (1943). Plaintiff's test is, therefore, "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Id.* As a fork lift operator loading the repaired wooden pallets onto the local business trucks are wholly insufficient to meet the test. *See Alonso v. Garcia,* 147 Fed.Appx. 815, 816 (11th Cir.2005) (citing *Brennan v. Wilson Bldg., Inc.,* 478 F.2d 1090, 1094 (5th Cir.1973).

The Eleventh Circuit has noted that the "engaged in commerce" language of the FLSA is to be given broad liberal construction. Alonso v Garcia 147 Fed Appx 815 (11th Cir 2005) (citing Brennan v Wilson Bldg Inc., 478 F.2d 1090, 1094 (5th Cir) 1973). However Congress intended only to regulate activities constituting interstate commerce not activities merely affecting commerce. Thorne v All Restoration Services Inc. 448 F 3d 1264, 1266 (11th Cir 2006) ( citing McCleod v Threlkeld 319 U.S. 491 497, 63 S. Ct. 1248  87 L. Ed 1538 (1943))e:

Because Plaintiff cannot produce a scintilla of evidence which shows and/or proves and/or demonstrates that Defendants' activities were anything but **local** to Miami-Dade, Plaintiff has failed to meet the Individual Coverage test and, therefore, final summary judgment is in order. *Id. See* also Roberto Rodriguez's affidavit. Attached as Exhibit "A"

**B. Enterprise Coverage**

Likewise, Plaintiff has also failed to establish a FLSA claim under the Enterprise Coverage test.  For this Court to find Enterprise Coverage in the instant action, as noted above, Plaintiff must demonstrate that Miami Used Pallets Corp. is an enterprise that: (1)(a) has employees engaged in commerce or in the production of goods for commerce, or (1)(b) has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, *and* (2) has an annual gross volume of sales made or business done of not less than $500,000.  Fair Labor Standards Act of 1938, § 3(s)(1)(A), 29 U.S.C.A. § 203(s)(1)(A)(i) and (A)(ii); *see also Scott v. K.W. Max Investments, Inc.,* 256 F. App'x 244, 247 (11th Cir.2007) (emphasis added).  Mr. Rodriguez's Affidavit, among other things, makes clear that Plaintiff simply cannot meet this test.

For example, to qualify for the Enterprise Coverage test, Plaintiff must first determine that the Defendants, individually, "engaged in commerce."  *Scott* at 247-248.  To determine whether an enterprise has been "engaged in commerce" (i.e. handling clause of 29 U.S.C. § 203(s)), courts look to determine whether the "goods or materials"[3] in question were placed in commerce as defined in 29 U.S.C. § 203(b) and (s)(1)(A)(i) or were otherwise handled, meaning "subject to interstate commerce."  *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1221.  A cursory examination of the record demonstrates that Plaintiff has failed to show that

---

[3] For a discussion of how "goods or materials" are defined, s*ee Polycarpe* at 1221-1227.  For purposes of this summary judgment motion it is only important to note that neither goods nor materials is defined in any way which would include the security services which Plaintiff performed for F.A.D. solely in Miami-Dade County.  After all, under the Enterprise Coverage test, unless Plaintiff can show that Defendants business involved "'goods' or 'materials' . . . which were in the past produced in or moved interstate. . ." -- which he has not alleged – Plaintiff has failed to meet the Enterprise Coverage test.  *See Polycarpe* at 1228-1229; *see also Velasquez v. All Florida Security Corp.*, 2008 WL 523916 *2-3 (S.D.Fla.2008).

Defendants placed any goods or materials in commerce or otherwise participated in interstate commerce.

In other words, where, as here, the Defendants proffer "undisputed evidence" that Plaintiff worked as a forklift operator at 772 NW 22nd Street Miami Florida. The Plaintiff never left the site of 772 NW 22nd Street Miami Dade County Florida. It is also undisputed that the Defendant never sold any of the used pallets to any business and or individual outside the State of Florida. It is also undisputed that none of the businesses and or individual that sell the broken used pallets to the Defendants are from outside the State of Florida.

## V.    CONCLUSION

Plaintiff has failed to present a claim which falls under either the Individual Coverage or Enterprise Coverage tests of FLSA and, therefore, the Defendants are entitled to final summary judgment as a matter of law. Wherefore, Defendants respectfully request that this Honorable Court grant their Motion and enter a final summary judgment in their favor, including a finding that defendants are entitled to recover their attorneys' fees and costs from plaintiff pursuant to 29 U.S.C. §216(b), together with such additional relief as this Court deems just and proper.

Respectfully submitted,

SCOTT D. EGLESTON, P.A.
*Attorney for Defendants*
152 N.E. 167th Street, Suite 300
Miami Florida 33162
Telephone: (305) 892-8088
E-mail: scott@eglestonlegal.com

By: S/ Scott Egleston
    **Scott Egleston**
    Fla. Bar No. 883425

CASE NO. 15-cv-22087 Scola/ Otazo Reyes

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 3, 2016**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

*SCOTT D. EGLESTON*, P.A.
*Attorney for Defendants*
152 N.E. 167th Street, Suite 300
Miami Florida 33162
Telephone: (305) 892-8088
E-mail: scott@eglestonlegal.com

By: S/ Scott Egleston
    **Scott Egleston**
    Fla. Bar No. 883425

## SERVICE LIST

**Attorney for Plaintiff:**
Elizabeth Hueber, Esq
J.H. Zidell, P.A.
30071 Street, Suite 605
Miami Beach, Florida 33142
Tel: (305) 865-6766

-and-

**Attorneys for Defendants:**
*SCOTT D. EGLESTON*, P.A.
152 N.E. 167th Street, Suite 300
Miami Florida 33162
Telephone: (305) 892-8088
E-mail: scott@eglestonlegal.com

Stephen Rosenthal, Esq.
25 West Flagler Street, Suite 1040
Miami Florida 33130
Telephone: (305) 931-1115
E-mail: snrlw@aol.com