UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-22087-AOR

MEDARDO KAUFFMAN BAREA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
          Plaintiff, )
vs. )
 )
MIAMI USED PALLETS, CORP.; )
ROBERTO RODRIGUEZ RAMOS, )
 )
          Defendants. )
_____)

**MOTION FOR EXTENSION OF DISCOVERY AND ANSWER TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, TO COMPELL, & SACNTIONS FOR
DISCOVERY VIOLATIONS**

Plaintiff, MEDARDO KAUFFMAN BAREA, moves that this Honorable Court, extend the discovery deadline, extend the deadline for Plaintiff to answer Defendants' Motion for Summary Judgment, compel, the inspection of the Defendant's premises and the property located at 790 NW 22nd St. Miami, FL,33127, compel a certificate of interested parties from Defendants, compel the deposition of the corporate representative of Florida Used Pallets, Inc., and Rosa M. Orama, impose reasonable and appropriate sanctions upon the Defendants', allow the amendment of pleadings for the purposes of joining a party, before the extended deadlines, and proper discovery into Florida Used Pallets if the pleading is amended, and in support of which states as follows:[1]

---

[1] The Court should note that a separate motion will be filed justifying the joinder of parties if discovery shows they should be joined. This is not an issue the Court must rule on now. However, the need for discovery because the Court may grant such a motion is why This Motion addresses such relief. Plaintiff reserves the right to file a separate motion for amendment and joinder of parties.

1

Two issues are of essential importance.

First, the Defendants deny that they participate in interstate commerce and have filed a summary judgment motion on these grounds. Further, Defendants object to the Plaintiff inspecting the premises of the business as permitted by Fed.R.Civ.Pro.34(a)(2). The Plaintiff put Defendant on proper notice, giving Defendant a month to object. Defendant did not object, so Plaintiff, including Undersigned Counsel and Co-Counsel appeared at the noticed inspection, after Defendants finally contacted opposing counsel, following several failed attempts, Defendants denied Plaintiff and Counsel access to the premises.

Second, the Defendants failed to disclose that the Corporate Defendant is two business registered separately but operating as one. Hence, committing severe discovery violations, displaying bad faith and perpetrating a fraud upon This Court. Since Rule 26 disclosures did not include the existence of the other business entity, nor the president of that business who has first-hand knowledge of the claims and defenses asserted in the pleadings, discovery violations prevented the timely amendment of the pleadings, to join the new Defendants, and full discovery from taking place. With this new entity added, additional time will be required for discovery, and if appropriate amendment of the pleadings.

**MEMORANDUM OF LAW AND FACT**

The Court has discretion generally to grant enlargements. *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08). This Court may extend time pursuant to Fed.R.Civ.P. 6(b):

(b) Extending Time.

> (1) *In General.* When an act may or must be done within a specified time, the court may, **for good cause**, extend the time:
> (A) **with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires**; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R.Civ.Pro. 6(b) (emphasis added).

There is ample reason to extend the discovery deadline, as it is possible that the Plaintiff will need to add a Defendant, because a potential defendant was concealed during the discovery process, despite Plaintiffs due diligence. Amending a complaint, to join a new party, after a court ordered deadline is permissible pursuant to Fed.R.Civ.Pro.(6) & 16(b). Upon a showing of good cause, excusable neglect as to meeting the Court's original deadline and due diligence, amendment of the pleadings is permitted with leave of court. *See,* Sosa, 133 F.3d 1417 (1998), *Diaz v. Burchette*, 585 Fed.Appx.968 (11th Cir. 2014), *Girard v. Aztec RV Resort, Inc.*, 2011 WL 7962612 (S.D. Fla. 2011), *Auto-Owners Ins. Co. v. Ace Elec. Service, Inc.*, 648 F.Supp.2d 1317 (M.D. Fla. 2009), *Meadow v. Smart Solar, Inc.*, 2014 WL 2565483 (M.D. Fla. 2014).

Defendant, Miami Used Pallet Corp., ("MUP") is a business sharing the same address, as a company owned by Defendant's wife, Florida Used Pallet, Inc. ("FUP"). *See*, ("Exhibit A"). The relationship between the two parties was never disclosed by Defendants, nor the existence of the Defendant's wife and her company. It is the Plaintiff's contention that further discovery is likely to show that these business are joint enterprises, and joint employers. Due to willful discovery violations by the Defendant, the Plaintiff was unaware of the relationship, and the existence of these other potential defendants. Hence, due to discovery violations, the Plaintiff needs an

enlargement of the discovery period to examine the relationship. Furthermore, Plaintiff may need to add Florida Used Pallet, Inc., and its president Rosa M. Orama, as additional defendants.[2]

Additionally, substantial evidence, including an affidavit by CHEP Pallets, who buys their own pallets back from pallet recyclers, specifically states that Individual Defendant Roberto Rodriguez Ramos, holds himself out as the owner of FUP, and has accepted regular payments on FUP's behalf. *See,* Exhibit B. Additionally, Exhibit C, is production by LATAM Airlines, who pursuant to a subpoena for documents produced documents from FUP, because they are not distinguished from each other in operation.

The fact that the individual Defendant, Roberto Rodriguez Ramos, holds himself out to be the owner of a second company that does the same thing, in the same location, shows that there are serious violations of good faith discovery obligations, and that a fraud has been perpetrated upon This Court.

Furthermore, despite being president of Florida Used Pallets, Inc., according to Sunbiz, the Defendants never disclosed Rosa M. Orama in their Rule 26 Disclosures. Hence, Plaintiffs were not on notice of her relevance, and would have deposed her early on in discovery, had they known about FUP and its relationship to the Defendants. This is a clearly sanctionable discovery violation

---

[2] Co-Counsel Rivkah Jaff fist leaned of the existence of Florida Used Pallet, Inc., during a deposition on March 7th, 2016, of former Employee Barbaro Abrahantes, whose deposition has been ordered. Mr. Abrahantes testified to the two business being one in the same. However, more investigation was necessary, and was supposed to be accomplished, predominantly through the site inspection, and production from subpoenas on March 18th. Undersigned Counsel attempted to confirm that the business are integrated, and not separate entities, when he showed up to a scheduled inspection of the property and saw the signs said Florida Used Pallets, Inc., on the building, and on trucks parked in the street outside of the premises. This inspection was scheduled with Opposing Counsel. Opposing Counsel was not present, and did not inform his clients Counsel was coming, therefore after a short time waiting for approval of the Defendant, Co-Counsel, the Plaintiff and myself, were refused entry to the premises. Furthermore, counsel recently received subpoena responses, with affidavits that indicate that business was done by Defendant using both names.

under Fed.R.Civ.Pro. 37(a)(4), and Plaintiff asks the Court to sanction Defendants. At a minimum, the Defendants should be responsible for any additional costs and fees incurred by Plaintiffs due to the Defendants' sanctionable conduct.

Despite the deadline for the addition of a party having passed, willful discovery violations concealed the relationship between Defendant and FUP. Hence, the addition of this party should be allowed if further discovery shows it is a joint enterprise and/or employer. It is Plaintiff's contention that documents responsive to discovery, and answers to interrogatories, purposefully concealed the relationship between Defendant and FUP, by failing to include the inextricably intertwined existence FUP.

Hence, excusable neglect exists for the failure to amend the pleadings on time. The due diligence of the Plaintiff was frustrated by discovery violations by Defendants, which Plaintiff is not accountable for. Further, the interests of justice demand that all party defendants be named as part of the claim, and that Defendants not be rewarded for their inequity by bearing its fruit.

Therefore, good cause exists, due diligence was practiced, excusable neglect applies to missed deadline, and the Court should extend the deadline for discovery. Furthermore, if discovery shows FUP, and its president Rosa M. Orama, are proper defendants, then the Court should allow the addition of these defendants as parties, and additional discovery to take place.

It would irreparably damage the Plaintiff, and interests the of justice, to deny the Plaintiff the opportunity to discover an additional defendant, especially if due to Defendants' misdeeds. If the summary judgment motion were to be decided, without full discovery into the inextricably intertwined business operation of the undisclosed potential defendant, the process would be irreparably biased and result in ample appellate ground.

Defendants may believe that the distinction between itself and FUP is insignificant. However, they are two different entities registered with The State of Florida. Interstate commerce the subject of Defendants' Summary Judgment Motion, may be taking place through FUP, that has been hidden from Plaintiffs because Defendants did not disclose FUP's existence. It would unfairly prejudice and irreparably harm the Plaintiff if proper discovery of the relationship were to be further hampered.

With the discovery deadline being just a few days away, the Plaintiffs will need more time to conduct proper discovery. Hence, Plaintiff moves for an additional thirty days of discovery, an order compelling the deposition of the corporate representative of FUP and its president Rosa M. Orama, the individual who is operating out of the same premises conducting the same business.[3]

Defendants have filed a motion for summary judgment, based on their contention that there is no FLSA Coverage because neither they, nor their employees, are involved in interstate commerce, or handle/use/sell goods/materials that travel through interstate commerce. Hence, on February 17th, 2016, Co-Counsel Allyson Kunter Morgado, sent a request to Opposing Counsel to inspect the premises on March 18, 2016 at 9am. Which is well within the discovery rights of the Plaintiff under Federal Rule of Civil Procedure 34(a)(2). Opposing Counsel voiced no objection until March 22, 2016, after Co-Counsel and Undersigned Counsel arrived to inspect the property and were refused entry.

---

[3] While awaiting clearance, which was denied, to inspect the premises, plaintiff and Counsel were invited into the office of the premises. The office was marked Florida Used Pallets, Inc., and had a ring of screens with security feeds circling the room. From what Undersigned Counsel could tell, there was no separation between the two businesses. It appeared that the Individual Defendant and someone who Counsel believes was Rosa M. Orama, but cannot be sure, shared the same office space and employees. It should be noted that this office space used monitors, fax machines, telephones, computers, and other equipment that traveled through interstate commerce. It also appeared equipped with a kitchen and shower facilities inside of a bathroom that Counsel availed himself of.

Furthermore, Co-Counsel made several attempts to reschedule this inspection between the March 18th, and the 22nd, and was only answered with an improper objection, despite several correspondences, and being told over and over again that Opposing Counsel was out of the office. This objection comes too late, the Defendants had since February 17th 2016, to object, and only objected when Undersigned Counsel stated that failure to reschedule by the end of the day on March 22nd, 2016, would result in a motion to compel. Hence, Counsel's attempts to confer, were met by an improperly filed objection, when a discovery motion should have been filed following conferral.

The law is clear that inspection of land and property is allowed under the Federal Rules of Civil Procedure. Rule 34(a)(2) could not be clearer on the issue:

> "In General. A party may serve on any other party a request within the scope of Rule 26(b):…(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it."

The basis of the Motion for Summary Judgment, that the Plaintiffs have until March 30th to answer, is that the Defendants are not involved in interstate commerce. Hence, blocking the Plaintiffs rightful entry into the business to inspect, and photograph, unfairly biases the Plaintiff. Without full discovery, the Plaintiff must rely on the word of the Defendants that no two people in their business used one material item, that traveled through interstate commerce, or handled any pallets that traveled through interstate commerce. Furthermore, the Defendants have denied interstate commerce on the part of themselves, but FUP may have done interstate commerce. Hence, without full discovery into FUP, it is impossible for the Plaintiff to answer the motion for summary judgment properly.

The Plaintiff, upon proper notice, which occurred in the present case, is allowed to inspect and photograph the premises in accordance with Fed.R.Civ.Pro. 34(a)(2). The proper notice was sent, a month was given for the Defendants to object, and after refusing entrance to the premises at the scheduled date and time, the Defendants objected days later and in improper form. This is a clear discovery violation that entitles the Plaintiff to seek sanctions under Fed.R.Civ.Pro.37(d)(A)(ii). Undersigned Counsel certifies conferral in good faith took place.

The Court, should at a minimum, require the Defendants to pay fees and costs of the failed attempt to inspect the property, and the motion to compel same. The Court's power in this respect is only limited by what is reasonable and appropriate. *See, Martin v. Automobili Lamborhinin Exlusive Inc.*, 307 F.3d 1332, (11th Cir., 2002), *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536 (11th Cir. 1993). Furthermore, the Plaintiff would urge the court to conduct its own investigation into whether it has been the victim of fraud, through the concealment of FUP.

> "A court also has the power to conduct an independent investigation to determine whether it has been the victim of fraud. See Chambers v. Nasco, Inc., 501 U.S. 32,44, 111 S.Ct. 2123, 2132, 115 L.ED.2d 27(1991); *See also In re E.I. DuPont De Nemours & Company—Benlate Litigation*, 99F.3d 363, 367 (11th Cir. 1996)(concluding that district court had jurisdiction to conduct an independent civil action for sanctions based upon allegations of fraud in another case)."

Martin, 307 F.3d at 1335 (2002).

**Wherefore**; Plaintiff moves that this Honorable Court, extend the discovery deadline, extend the deadline for Plaintiff to answer Defendants' Motion for Summary Judgment, compel, the inspection of the Defendant's premises and the property located at 790 NW 22nd St. Miami, FL, 33127, compel a certificate of interested parties from Defendants, compel the deposition of the corporate representative of Florida Used Pallets, Inc., and Rosa M. Orama, impose reasonable and appropriate sanctions upon the Defendants', allow the amendment of pleadings, for the joinder of

a party, before the extended deadlines, and proper discovery into Florida Used Pallets if the pleading is amended.[4]

## CERTIFICATE OF CONFERRAL

The undersigned hereby certifies that conferral as to the motions to compel deposition and inspection took place, and that the Defendants would not agree to the relief sought in This Motion. Conferral also took place as to the extension of discovery deadlines, and Defendants objected to the relief sought in This Motion. If Defendants claim standing to object to the addition of Florida Used Pallet Inc., then they admit they are Florida Used Pallet, Inc. Hence no conferral was necessary. Conferral on sanctions is not necessary.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## CERTIFICATE OF SERVICE

---

[4] Note if proper discovery shows that joinder of additional defendants is necessary than such will be accomplished through a motion to join parties and amend the pleadings, which is in no way being waved by this motion. If the Court Chooses to allow such now, then there will be no need for a subsequent motion, however, Plaintiff in no way waves its right to file same.

9

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 23, 2016.

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        *Attorneys for Plaintiff*

        By: /s/ Joshua Sheskin
        Joshua H. Sheskin, Esq.
        Jsheskin.jhzidellpa@gmail.com
        Florida Bar Number: 93028