# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-cv-22087-Scola/Otazo-Reyes

MEDARDO KAUFFMAN BAREA and all
others similarly situated under 29 U.S.C.
216(b),

        Plaintiff,

vs.

MIAMI USED PALLETS, CORP. and
ROBERTO RODRIGUEZ RAMOS,

        Defendants.
_____/

## DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY AND ANSWER TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, TO COMPEL AND FOR SANCTIONS FOR DISCOVERY VIOLATIONS

**COME NOW**, the Defendants, MIAMI USED PALLETS, CORP., and ROBERTO RODRIGUEZ, by and through the undersigned counsel and hereby file this their Response to Plaintiff's Motion for Extension of Discovery Deadline and Answer to Defendants' Motion for Summary Judgment, to Compel and for Sanctions for Discovery Violations, and in support thereof would allege as follows:

On August 12, 2015, the deadline to complete discovery in this cause of action was set by the Court for November 18, 2015 [ECF No.19 Scheduling Order and Order of Referral to Mediation]. On November 13, 2015, Plaintiff requested to extend the cutoff for all discovery until and including January 22, 2016 [ECF No. 44]. The Court extended the deadline to complete discovery until January 18, 2016 [ECF No. 47]. On February 15, 2016 the deadline to complete discovery was once again requested to be extended [ECF No. 63]. The Court modified the pretrial dates previously set scheduling the deadline for all discovery to be completed before March 30, 2016 [ECF No. 66].

During the course of this cause of action depositions of both, the Plaintiff and the Defendants have been taken. The accountant for the Defendants has been deposed and the accountant has responded to a subpoena Duces Tecum by providing all documentation as

requested. The deposition of Barbaro Abrahantes, an employee of the Corporate Defendant's was coordinated and scheduled for March 7, 2016. Mr. Abrahantes appeared for deposition and was deposed. Additional depositions were also set on March 7, 2016. The other depositions. scheduled for said date were the corporate representatives of the suppliers and vendors of the Corporate Defendant. None of the corporate representatives appeared for said deposition on March 7, 2016. Additional deposition were previously coordinated between the law offices of both the Plaintiff and the Defendant for March 9, 2015. Again on March 9, 2016, none of the corporate representatives appeared for deposition. Counsel for the Plaintiff took no further action to compel their attendance. Whether or not the corporate representative were ever served for March 7th and March 9th is unknown. The fact remains that no further action was taken by Plaintiffs counsel to compel their attendance knowing that the deadline for discovery was set for March 30, 2016.

Plaintiff's argument to amend the complaint adding an additional defendant and reset for an extension of discovery deadlines rests on the "discovery" of Florida Used Pallets. Both Miami Used Pallets and Florida Used Pallets are located at 772 NW 22nd Street, and 790 NW 22nd Street Miami Florida 33175. Both have the same phone number. Both are involved in the business of buying broken wooden pallets and repairing same for resale. Both use the same vendors and suppliers. Both have the same employees. The corporate representatives that were scheduled for deposition transact business with the two. Roberto Rodriguez who is eighty (80) years old is the President of Miami Used Pallets and Rosa Orama, his wife of thirty years, is the President of Florida Used Pallets. The two corporations are indistinguishable.

Through production of documents and tax returns of the Corporate Defendant the Five Hundred Thousand Dollar ($500,000.00) threshold amount has been satisfied as it relates to this matter. It is not in dispute that the plaintiff worked as a forklift operator and was on the premises during his employment. He would load the repaired pallets on the trucks. It is not in dispute that the Plaintiff was employed. Florida Used Pallets is indistinguishable from Miami Used Pallets. This was testified to by Barbaro Abrahantes who was listed by the defense in his disclosures. Barbaro Abrahantes testified that Florida Used Pallets is indistinguishable from Miami Used Pallets.

The Plaintiff has served the Defendants with three Sets of Interrogatories, two Requests for Production, and two Requests for Admissions. Responsive documents have been provided to Plaintiff including but not limited to financial statements, tax returns, and contact information

for providers and buyers.

The Plaintiff has had since August 12, 2015 to complete their discovery. Sufficient time has been granted to the Plaintiff to complete their discovery. Counsel for the Defendants had filed their motion for Summary Judgment according to the prior scheduling order in a timely fashion..

That the Plaintiff has asserted that they served their Request for Entry Upon Land and Inspection of the property located at 790 NW 22nd Street, Miami, Florida 33127 on Defendant's counsel on February 17, 2016 and that the Defendants did not object to said request.

Since the beginning of this matter, both Counsel for the Defendants and Counsel for the Plaintiff have been coordinating deposition dates and any and all matters related to this cause of action by e-mail. There have been numerous exchanges between both offices concerning discovery over the past six months. All of said correspondences have been sent by and received at scott@eglestonlegal.com. Correspondence and service of documents from the office of the undersigned has been sent from said e-mail address and have been received by Plaintiff. The scheduling and coordinating of depositions have all occurred again through email and sent to undersigned at scott@eglestonlegal.com. This has all occurred over the past six months. In addition to the above, there are two separate law firms representing the Defendants on this matter. Both offices have filed Notices of Appearance and have been working jointly on this matter. All requests for production, interrogatories and requests for admission have been served upon The Law Office of Scott Egleston and the Law Office of Stephen Rosenthal. In the Plaintiff's Request to Enter Land and Inspect they failed to notify attorney Stephen Rosenthal. This is evident on Plaintiff's Counsel Certificate of Service.

On March 18, 2016, the Plaintiff in this matter and Counsel for the Plaintiff appeared at the Defendants' place of business and residence. Access to the premises was denied since the Defendants and Defendant's counsels were both unaware of such inspection. Subsequently Counsel for the Defendant filed their objections to Plaintiffs request for entry upon land on March 22, 2016.

Counsel for the Plaintiff has suggested that there has been fraud perpetuated on this Court as a result of the deposition testimony of a present employee listed by the Defense for the Corporate Defendant and Roberto Rodriguez in their Disclosures. The witness testified to the truth and that is that the corporations are indistinguishable. There are not certain suppliers for one to the exclusion of the other. The Plaintiffs do not aver that Roberto Rodriguez lied under

oath or that the Defendants failed to tell the truth in his responses to interrogatories under oath. The Plaintiff does not allege that the Defendant failed to provide proper production of documentation in response to their request for production. What was "discovered is that the Defendant's wife has a corporation? The Plaintiff alleges because of this discovery further investigation is required and that this was concealed. Nothing could be further from the truth and is now being used to gain addition and further time by the Plaintiff. In all this time the Defendant was made available and deposed. The Defendants' accountant was made available and deposed. The Defendants' employee was made available and deposed. The suppliers and vendors were made available and have not been so deposed. There has been more than sufficient time for the Plaintiffs to comply with discovery deadlines. Since the entry of the first scheduling order the Plaintiffs have had seven months.

WHEREFORE, counsel for the Defendant's respectfully requests that this Court deny the Plaintiff's request to extend discovery deadlines, deny the Plaintiff's request to add additional defendants and grant any and all relief that this court deems meet and appropriate.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **March 31, 2016**, the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    By: S/ Scott Egleston
        **Scott Egleston**
        Fla. Bar No. 883425

Case No.: 15-cv-22087-Scola/Otazo-Reyes

**SERVICE LIST**

**Attorneys for Plaintiff:**
J.H. Zidell, Esq.
Allyson G. Morgado, Esq
J.H. Zidell, P.A.
30071 Street, Suite 605
Miami Beach, Florida 33142
E-mail: amorgado@jhzidell.com
Tel: (305) 865-6766

**-and-**

**Attorneys for Defendants:**
*SCOTT D. EGLESTON*, P.A.
152 N.E. 167th Street, Suite 300
Miami Florida 33162
Telephone: (305) 892-8088
E-mail: scott@eglestonlegal.com

Stephen Rosenthal, Esq.
25 West Flagler Street, Suite 1040
Miami Florida 33130
Telephone: (305) 931-1115
E-mail: snrlw@aol.com