UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-22087-AOR

MEDARDO KAUFFMAN BAREA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
       Plaintiff, )
vs. )
 )
MIAMI USED PALLETS, CORP.; )
ROBERTO RODRIGUEZ RAMOS, )
 )
       Defendants. )
_____ )

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY AND ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, TO COMPELL AND FOR SANCTIONS.

Plaintiff, by and through Undersigned Counsel, replies to the Defendants' Response to Plaintiff's Motion for Extension of Discovery and Answer to Defendant's Motion for Summary Judgment, to Compel, and for Sanctions as follows;

**Memorandum of Argument/Law**

1. Undersigned Counsel has never been accused of being speechless, or failing to enjoy the sound of his own voice enough to beat a dead horse for days. However, Undersigned Counsel was at a complete loss when he read the Defendants' admissions labeled a response, and was unable to find words to convey to co-counsel for several minutes.

2. If it is the Defendants' intention to thrown themselves upon the mercy of The Court, Plaintiff has complete faith in The Court, and that The Court will pick the most appropriate path.

3. However, Plaintiff urges, at a minimum, that Defendants be ordered to pay all fees associated with this fiasco, that Plaintiff be allowed to amend the complaint to add the Concealed Defendants, and that the New Defendants answer the same discovery, as the other Defendants, within ten days, plus any additional discovery forthwith, that is warranted by the discovery produced within ten days.

4. There seems to be an unconscionable argument that Plaintiff is somehow at fault for needing to move the discovery deadline. However, Plaintiff consented to magistrate jurisdiction, so that discovery deadlines could be extended, because the Defendant refused to schedule depositions and participate in discovery. Defendant is entitled to his own opinion, but not his own facts.

5. Even if Plaintiff had been completely negligent in pursuing timely discovery, same would pale in comparison to concealing defendants from the action, which the Defendant clearly admits occurred. Negligence, which is not the case, is different than fraud which did occur.

6. Even if the Defendants argument were correct that the Defendant Parties/Individuals are indistinguishable entities, the Concealed Defendants have an economic interest that is inextricably intertwined with the current litigation, and failure to disclose them is a violation of the Federal Rules of Civil Procedure, the Local Rules, the Rules Regulating the Florida Bar, and a clear fraud upon The Court.

7. The argument Defendants present does not deny in any way that they are guilty of a fraud, or at least massive rules violations, but rather that it is not relevant. The relevance of these violations Plaintiff will leave to The Court to explain to the Defendants and only ask that Plaintiff not be unjustly biased or prejudiced as a result, nor be forced to suffer unnecessary fees as a result.

8. The Plaintiff does not need to file a Motion to Amend the Complaint to Join Parties when there is a clear admission of such significant malfeasance by Defendants, and Defense Counsel. The case law in the initial motion makes clear that the bar is much lower. The courts cited do not even contemplate the possibility that there would be no practicable argument that the Plaintiff had any fault in the failure to join a party. Nor does the case law contemplate an admission of this caliber.

9. The Plaintiff need not insult The Court by citing any other court's opinion about such a situation, as there is no conceivable reality in which any action taken by This Court could be appealed or questioned by the Defendants, in any practicable way.

10. Plaintiffs noticed One Counsel of the property inspection, and not the Counsel who to date has had no involvement. One Counsel is enough. There is absolutely no argument as to why Defense Counsel admits he was on notice and still did nothing about it. He then continued to do nothing until almost a week after Plaintiff's Counsel had to waste hours going to the property, and chased him in phone calls and emails to reset the date.

WHEREFORE; Plaintiff moves that The Court grant the original motion, allow amendment of The Complaint, impose sanctions, and take any other measures The Court finds just and proper in its discretion.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.

Jsheskin.jhzidellpa@gmail.com  
Florida Bar Number: 93028

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 31, 2016.

J.H. Zidell, P.A.  
300 71st Street, Suite 605  
Miami Beach, Florida 33141  
Tel: (305) 865-6766  
 Fax: (305) 865-7167  
*Attorneys for Plaintiff*

By:  /s/ Joshua Sheskin  
Joshua H. Sheskin, Esq.  
Jsheskin.jhzidellpa@gmail.com  
Florida Bar Number: 93028
