UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:1:15-CV-22087-RNS

MEDARDO KAUFFMAN BAREA and all )
others similarly situated under 29 U.S.C. 216(b), )
)
Plaintiff, )
)
vs. )
)
MIAMI USED PALLETS, CORP.; ROBERTO )
RODRIGUEZ RAMOS, )
)
 Defendants. )
_____ )

**MOTION TO COMPELL INSPECTION UPON LAND, IN ACCORDANCE WITH THE ORDER OF THIS COURT AND FOR SANCTIONS FOR VIOLATION OF THE ORDER OF THIS COURT AND DISCOVERY VIOLATIONS**

Plaintiff, MEDARDO KAUFFMAN BAREA, moves that this Honorable Court compel, the inspection of the Defendant's premises and the property located at 790 NW 22nd St. Miami, FL,33127, and impose reasonable and appropriate sanctions upon the Defendants for discovery violations and failure to abide by This Court's Order, and in support of which states as follows:

**MEMORANDUM OF LAW/FACT**

On February 17th, 2016, Co-Counsel Allyson Kunter Morgado, sent a request to Opposing Counsel to inspect the premises on March 18, 2016 at 9am. Which is well within the discovery rights of the Plaintiff under Federal Rule of Civil Procedure 34(a)(2). Opposing Counsel voiced no objection until March 22, 2016, after Co-Counsel and Undersigned Counsel arrived to inspect the property and were refused entry.

1

This Court then held a hearing and issued an order, which explicitly allowed the Plaintiff to inspect the property, but not the office facilities where Defense Counsel claimed Defendants lived. Undersigned Counsel made very clear that he wished to inspect the area outside of the office in which the work was conducted. To the best of Counsel's memory This Court allowed for same during the hearing.

In fact, in what turned out to be a lighter moment during the hearing, Your Honor asked if Counsel knew of Your Honor's recent ruling, which Counsel said he was intimately familiar with, and Her Honor accurately deduced that Counsel had been assigned to the appeal. There was a discussion about what materials would need to be photographed, and why computers would not be sufficient, because then every business would be subject to the FLSA Your Honor contended. Hence, the indoor part of the facility, which was the office, was ruled off limits.

Even in light of said recent order, which Counsel admits more than familiarity with, unlike a valet stand, Plaintiffs hold that there are likely significant non-isolated materials that traveled through interstate commerce, upon which Defendants rely for their business. Based on the possibility of this, Counsel thought he clarified with The Court that the materials used outside of the office facility, in the outdoor area in which the work takes place, were subject to inspection and photographing. While Opposing Counsel strongly disagrees with Undersigned Counsel's memory, that Your Honor made clear the open-air pallet yard was subject to inspection, Undersigned Counsel specifically remembers that said was to be subject to inspection.

However, on April 14th 2016, when Undersigned Counsel appeared to inspect the property, Undersigned Counsel, a records custodian, and a translator were denied access, by Opposing Counsel, to the open-air work area, and only permitted to enter what was a public street and

sidewalk. Thus, This Court's Order was rendered meaningless, because Plaintiff never needed permission to enter onto a public street and take pictures. Opposing Counsel insisted that entry onto public land was the extent of This Court's Order, and refused inspection of the outdoor property. Undersigned Counsel was unable to reason with Opposing Counsel, who insisted that this matter go before The Court. Even when Undersigned Counsel proposed that the pictures be taken, to avoid a third trip to the facility, a motion be filed for clarification of The Order, and then the pictures not be used if The Court clarified they should not be, Opposing Counsel insisted that there was still enough time in discovery for a hearing and third trip. Opposing Counsel was conferred with and informed that Plaintiff would seek sanctions, but said conferral did not change Opposing Counsel's position.

Opposing Counsel may have a wide open schedule to have the same hearing twice, and go to the same property repetitively. Undersigned Counsel ardently moves that this The Court impose sanctions, for the cost of the three inspections, and the repetitive hearing, because of the value of This Court's time, and that of Undersigned Counsel (granted The Court's time is clearly more important than undersigned Counsel's).

This Court has the power to impose sanctions, under the Federal Rules of Civil Procedure. The fact that the Plaintiffs must compel said inspection (not to mention for a second time), and failure to follow the order of This Court, are both sanctionable under Fed.R.Civ.Pro. §37.

Furthermore, This Court has the intrinsic power to impose sanctions as long as they are reasonable and appropriate. *See, Martin v. Automobili Lamborhinin Exlusive Inc.*, 307 F.3d 1332, (11th Cir., 2002) & *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536 (11th Cir. 1993). Due to the waste of This Court's time, the flagrant violation of the Order of This Court, and the fact that a

third inspection shall now be necessary, the Plaintiff emphatically moves that, This Court award fees and costs for the three inspections, both motions compelling the same inspection, the time spent on one, and possibly two hearings, by Undersigned Counsel, and all other associated expenses/fees. The power of This Court to sanction further, for the violation of its order, is clearly within the sound discretion of This Court.

**WHERFORE:** Plaintiff, MEDARDO KAUFFMAN BAREA, moves that this Honorable Court compel, the inspection of the Defendant's premises and the property located at 790 NW 22nd St. Miami, FL,33127, and impose reasonable and appropriate sanctions upon the Defendants for discovery violations and failure to abide by This Court's Order.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

**CERTIFICAT OF CONFERRAL**

Conferral took place in the public street in front of the premises as this motion states, and Defense Counsel opposes the relief sought in this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on April 15, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028
