UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-22087-AOR

MEDARDO KAUFFMAN BAREA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
 )
        Plaintiff, )
  vs. )
 )
 )
MIAMI USED PALLETS, CORP, )
ROBERTO RODRIGUEZ RAMOS, )
FLORIDA USED PALLETS, INC, )
ROSA M. ORAMA, )
 )
        Defendants.
_____

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS**

Plaintiff, MEDARDO KAUFFMAN BAREA on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, MIAMI USED PALLETS, CORP, ROBERTO RODRIGUEZ RAMOS, FLORIDA USED PALLETS, INC. and ROSA M. ORAMA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant MIAMI USED PALLETS, CORP, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant FLORIDA USED PALLETS, INC., is a corporation that regularly transacts business within Dade County. In accordance with the stipulation of the parties, the Defendant

Corporation was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. The individual Defendant ROBERTO RODRIGUEZ RAMOS is a corporate officer and/or owner and/or manager of the Defendant Corporation, MIAMI USED PALLET CORP., who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's joint employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant ROSA M. ORAMA is a corporate officer and/or owner and/or manager of the Defendant Corporation, FLORIDA USED PALLET INC., who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's joint employer as defined by 29 U.S.C. 203 (d) and as stipulated by the parties.

7. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to

The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

11. Plaintiff worked for Defendants as a forklift driver from on or about October 18, 2002 through present and ongoing.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' businesses and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period, as stipulated to by the parties. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same, as stipulated by the parties. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants, as stipulated by the parties.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act, as stipulated by the parties.

14. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2011 through 2014.

15. Upon information and belief, the Defendant Corporations' gross sales or business done exceeded $250,000 for the first six months of the year 2015 and is expected to exceed $500,000 for the year 2015.

16. Between the period of on or about October 18, 2002 through present and ongoing, Plaintiff worked an average of 98 hours a week for Defendants and was paid an average of $6.12 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further states:

18. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

19. Between on or about October 18, 2002 through present and ongoing, Plaintiff worked an average of 98 hours a week for the Defendants. Plaintiff was paid $6.12/hr for said work in violation of the Fair Labor Standards Act as said payment of $6.12/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $6.12/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

20. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

21. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION

Plaitniff re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

22. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a Fla. Stat. § 448.110 (3)]. **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal **minimum wage** under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein."

23. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state

minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

24. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek his minimum wage claim against the Defendants. On June 1, 2015, Plaintiff sent via certified U.S Mail the required Florida Minimum Wage Notice to the Defendants pursuant to Florida Statute § 448.110(6)(a). Said Notice was received by Defendants on June 6, 2015. The other Defendants are joined under this same notice by stipulation of the parties.

25. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on August 24, 2015. However, as of August 31 2015, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

26. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to

$7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.[1]

27. From on or about June 1, 2010 through June 1, 2015, Plaintiff worked an average of 98 hours a week and was paid an average of $6.12 per hour but was not paid the proper Florida minimum wage for the relevant time period as required by the Florida Constitution.[1] See further Attached Exhibit A, Plaintiff's Amended Statement of Claim for the period of June 1, 2010 through June 1, 2015 and incorporated herein.

28. The Defendants wage payment practices to Plaintiff between on or about June 1, 2010 through on or about June 1, 2015, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

29. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act.

---

[1] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
       J.H. Zidell, Esq.
    Florida Bar Number: 0010121