# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER 15-CV-22087

MEDARO KAUFMAN BAREA and all
others similarly situated under 29 U S C 216 (b),

    *Plaintiff,*

-VS-

MIAMI USED PALLETS CORP.,
ROBERTO RODRIGUEZ RAMOS
FLORIDA USED PALLETS, INC.
ROSA M. ORAMA

    *Defendants.*
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, MIAMI USED PALLETS CORP., ROBERTO RODRIGUEZ, FLORIDA USED PALLETS INC., and ROSA ORAMA (together referred to when the context requires as "Defendants") through undersigned counsel, serve their Answer and Affirmative Defenses and state the following in answer to, and in defense of the complaint:

1. Defendants admit that the Plaintiff purports to bring an action for unpaid wages arising out of the Fair Labor Standards Act ("FLSA") but deny that he has any such claim.

2. Paragraph two is admitted.

3. Paragraph three is admitted.

4. Paragraph four is admitted.

5. Paragraph five is admitted.

6.  Paragraph six is admitted.

7.  Paragraph seven is admitted to the extent it attempts to establish venue in the Southern District of Florida.

## COUNT I – FEDERAL OVERTIME WAGE

8.  Defendants admit that Plaintiff attempts to bring a collective action under the FLSA but deny he has any such claim, that there are others who are similarly situated or that Plaintiff is an appropriate representative of the purported class. Defendants deny all other allegations in paragraph eight.

9.  Defendants admit paragraph nine in that the Court has jurisdiction under the cited statute.

10. Defendants admit that paragraph ten is a correct recitation of the statute but deny that the Defendants are in any way in violation of same.

11. Paragraph eleven is admitted.

12. Paragraph twelve is admitted

13. Paragraph thirteen is admitted

14. Paragraph fourteen is admitted.

15. Paragraph fifteen is admitted.

16. Paragraph sixteen is denied.

17. Paragraph seventeen is denied and it is also denied that the Plaintiff is entitled to any relief.

## COUNT II FEDERAL MINIUM WAGE

18. Defendants admit that the Plaintiff purports to quote a provision from the FLSA but refers the Court to the exact wording of the statute.

19. Defendants deny paragraph nineteen.

20. Defendants deny paragraph twenty.

21. Defendants deny paragraph twenty one.

## COUNT III FLORIDA MINIMUM WAGE

22. Defendants admit that the Plaintiff purports to quote a provision from Florida Statute 448.110 (3) but refers the Court to the exact wording of the cited statute.

23. Defendants admit that the Plaintiff purports to quote a provision from Florida Statute 448.110 (4)(a) but refers the Court to the exact wording of the cited statute.

24. Defendants admit paragraph twenty four.

25. Defendants admit paragraph twenty five to the extent that they received notice pursuant to statute but deny that there has been any violation of the Florida minimum wage law with respect to the employment of the Plaintiff and specifically deny that the Plaintiff is entitled to any unpaid wages or relief.

26. Paragraph twenty six is admitted.

27. Paragraph twenty seven is denied

28. Paragraph twenty eight is denied

29. Paragph twenty nine is denied and it is also denied that Plaintiff is entitled to any relief sought

## AFFIRMATIVE DEFENSES

30. <u>First Affirmative Defense</u>:  Plaintiff is not entitled to liquidated damages under applicable law because Defendants assert that all actions taken by Defendants were performed in good faith and based upon reasonable grounds, wherein Defendants believed the practices to be in full compliance with applicable laws.

31. <u>Second Affirmative Defense:</u> Defendants acted in good faith and did not knowingly or willfully disregard their obligation under the FLSA and are therefore entitled to the protections of the Portal-to-Portal act.

32. <u>Third Affirmative Defense</u>: Plaintiff is not entitled to compensation for any time that is de minimumus.

33. <u>Fourth Affirmative Defense</u>: The Plaintiff comes before this Court with unclean hands and further having admitted the following facts have nevertheless failed to include the facts that as a material part of Plaintiff's employment and compensation, the Defendants provided housing, utilities, food (breakfast, lunch and dinner), payment for work performed, cable, laundry services and supplies and all other incidentals. That same was mutually agreed to by the parties.

34. <u>Fifth Affirmative Defense</u>: Defendants assert that Plaintiff was paid all monies due to him consistent with applicable laws and regulations.

35. <u>Sixth Affirmative Defense:</u> Defendants assert that funds and other benefits provided to Plaintiff constituted compensation to Plaintiff to satisfy wage requirements. This was agreed to by the parties and was for the Plaintiffs benefit.

36. <u>Seventh Affirmative Defense:</u> Defendants assert that as to those allegations which are outside the applicable two (2) year statute of limitations period that the Plaintiff's claims are barred. In the event that the Plaintiff establishes a willful violation as required pursuant to F.L.S.A. all claims outside the applicable three year statute of limitations are barred.

37. <u>Eighth Affirmative Defense:</u> Defendants assert that the agreement in place covering the work and pay of the Plaintiff was reasonable under all pertinent facts and therefore should be accepted pursuant to 29 U.S.C 785.23.

38. <u>Reservation of Affirmative Defenses</u>: Defendants reserve the right to allege any further affirmative defenses.

WHEREFORE, Defendants having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that Defendants be awarded costs and reasonable attorneys fees as may be allowed under 29 U.S.C. 201-216, 28 USC 1927, and under Federal Rules of Civil Procedure.

JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted,

s/ScottEgleston_____
Scott Egleston
Attorney for Defendants
152 NE 167th Street Suite 300
Miami, Florida 33131
E-mail: scott@eglestonlegal.com
Phone: (305) 892-8088
Fla. Bar No. 883425

CASE NUMBER 15-CV-22087

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>May 23, 2016</u>, the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: <u>S/ Scott Egleston</u>
    **Scott Egleston**
    Fla. Bar No. 883425

## SERVICE LIST

**Attorneys for Plaintiff:**
J.H. Zidell, Esq.
Allyson G. Morgado, Esq
J.H. Zidell, P.A.
30071 Street, Suite 605
Miami Beach, Florida 33142
E-mail: amorgado@jhzidell.com
Tel: (305) 865-6766

**-and-**

**Attorneys for Defendants:**
*SCOTT D. EGLESTON*, P.A.
152 N.E. 167th Street, Suite 300
Miami Florida 33162
Telephone: (305) 892-8088
E-mail: scott@eglestonlegal.com

Stephen Rosenthal, Esq.
25 West Flagler Street, Suite 1040
Miami Florida 33130
Telephone: (305) 931-1115
E-mail: snrlw@aol.com