UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-22087-AOR

MEDARDO KAUFFMAN BAREA and all )
others similarly situated under 29 U.S.C. )
216(b), )
  )
     Plaintiff, )
  vs. )
  )
MIAMI USED PALLETS, CORP.; )
ROBERTO RODRIGUEZ RAMOS; )
FLORIDA USED PALLETS, INC.; & )
ROSA M. ORAMA. )
  )
     Defendants. )
_____ )

## PLAINTIFF'S OMNIBUS MOTION IN LIMINE

**COMES NOW** Plaintiff, by and through Undersigned Counsel, pursuant to the Federal Rules of Civil Procedure, and files this above-described Plaintiff's Motion in Limine and states as follows in support thereof:

1. Plaintiff moves in limine to exclude reference to the following five (5) issues at trail:

    a) Reference to attorneys' fees and costs;

    b) Reference to liquidated damages;

    c) Reference to undersigned's representation of Plaintiff in the subjection lawsuit including, without limitation, how, or why, the Plaintiff reatained the undersigned firm to represent him in this matter, or other legal matters, and the undersigned's infomercial/commercial;

    d) Reference to allegations that the lawsuit was promoted or instigated by Plaintiff's attorneys;

1

e)   Reference to any housing/other benefit conferred on Plaintiff outside of sums of money actually paid to Plaintiff, and/or entitlement to any setoff for same and/or any argument from the Defendant to the Jury that Defendant provided meals/housing.

## MEMORANDUM OF LAW

Courts have the inherent ability "to manage the course of [their] trials," including the granting of motions in limine when appropriate." *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in limine is "to give the trial judge notice of a movants position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." *E.g., Fagundez v. Louisville Ladder, Inc.,* 2012 WL 253214 at *1 (S.D. Fla. Jan. 26, 2012).

### 1.   Any Reference to Attorneys' fees and costs:

Any reference to attorneys' fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The issue of attorneys' fees and costs are matters decided by the Court post trial and not by the jury. As such, referencing Plaintiff's attorneys' fees and costs has absolutely no probative value and can only be used to unfairly prejudice the jury against Plaintiff. As such, any reference to attorneys' fees and costs at trial should be excluded.

Wherefore; Plaintiff respectfully requests that the court grant plaintiffs motion in limine and exclude any reference to attorney's fees and costs.

### 2.   Any Reference to liquidated damages.

Any reference to liquidated damages pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The issue of liquidated damages is a matter that is decided by the Court post trial and not by the jury. As such, referencing Plaintiff's claim for liquidated damages has absolutely no probative value and can only be used to unfairly prejudice the jury. As such, any reference to liquidated damages should be excluded.

The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). *See also*, *Reeves v. International Tel. & Tel. Corp*., 616 F.2d 1342 (5th Cir. 1980). However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees if Plaintiff prevails). Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them. The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in *Limine* and exclude any reference to liquidated damages at trial.

3. **Exclude any Reference to undersigned's representation of Plaintiff in the subject lawsuit including, without limitation, how, or why, the Plaintiff retained the undersigned firm to represent him in this matter, or other legal matters, and the undersigned's infomercial/commercial.**

Any reference to the undersigned Firm's representation of Plaintiff in the subject lawsuit, including, without limitation, fee/retainer agreement, or otherwise, should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). *See*, Fed. R. Evid. Rule 403. The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiffs in the subject lawsuit, fee/retainer agreement, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case.

Any reference to the infomercial/commercials run by J.H. Zidell P.A. should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues that it would create in this FLSA matter. The fact that Plaintiff's counsel has an infomercial/commercial or the contents of said infomercial/commercial are irrelevant for the purposes of this case. It has absolutely no probative value and should be excluded.

Furthermore, any argument that Plaintiff learned of his rights to overtime wages through the infomercial/commercial is irrelevant and will only be used to unfairly prejudice the jury against Plaintiff.

Such accusations are prejudicial and inappropriate to be made in a courtroom in front of the jury. Allowing Defendants, through their counsel, to make said comments or similar comments

will only inflame and unfairly prejudice the jury against the Plaintiffs and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as any possible probative value said information would have will clearly and substantially be outweighed by the danger of unfair prejudice and confusion that it would cause in this case.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiffs' Omnibus Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiff in the subject law suit, including without limitation, fee/retainer agreement, commercial/infomercial, or otherwise.

### 4. <u>Reference to allegations that the lawsuit was promoted or instigated by Plaintiff's attorneys.</u>

Accusations of the lawsuit being promoted or instigated by Plaintiff's attorneys are prejudicial and inappropriate to be made in a courtroom in front of the jury. Allowing Defendants, through their counsel, to make said comments or similar comments will only inflame and unfairly prejudice the jury against the Plaintiff, and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Clearly, any possible probative value said information would have will be substantially, outweighed by the danger of unfair prejudice and confusion that it would cause in this case.

Plaintiff's counsel never asked Plaintiff to solicit clients (and does not solicit clients), did not instigate the instant action, did not promote the filing of a lawsuit improperly, and any insinuation by Defendants that any improper solicitation, instigation, or promotion, took place is inappropriate and will only be used to unfairly prejudice the jury against the Plaintiff.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and prevent Defendants from referencing or asking any questions about allegations that the lawsuit was prompted or instigated by Plaintiff's attorneys.

**5.  Any Reference to Providing Food and/or Housing to Plaintiff, and/or Any Reference to an Entitlement to any Setoff for Providing Food/Housing to Plaintiff.**

The Eleventh Circuit has held that in order to assert a cost credit, the Defendant (employer) must maintain records of the actual cost of said housing and how it is applied to the wages paid to Plaintiff, partially to ensure the cost to the employer is the actual cost passed on to the employee, and no higher figure.

> "Reasonable cost may not exceed the employer's actual cost. 29 C.F.R. § 531.3(a). The employer is responsible for maintaining and preserving records substantiating that cost. *Id.* § 516.27."

*Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993)

> "Section 3(m) of the FLSA, 29 U.S.C.A. § 203(m) (West 1978), allows employers to include the reasonable cost of servicing meals, lodging, or other facilities in employee wages for purposes of the FLSA. When calculating the amount of back wages due to an employee under the FLSA, therefore, the employer is entitled to a credit for the reasonable cost of providing the meals and lodging. The regulations promulgated by the Secretary define "reasonable cost" "to be not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." 29 C.F.R. § 531.3(a) (1981). " "Reasonable cost' does not include a profit to the employer or to any affiliated person." Id. § 531.3(b). **The regulations require employers to keep certain records of the cost incurred in furnishing board, lodging or other facilities, id. §516.27(a), and also require the employer to maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis**. Id. § 516.28(b)." [Emphasis added].

*Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 473-474 (11th Cir. 1982).

As set forth in footnote 13 in *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982):

> "Both section 3(m) of the FLSA and the regulations provide for requests by employers for a determination of reasonable cost by the Administrator. In fact, 29 C.F.R. s 531.4(a) (1981) establishes a specific procedure to facilitate such determinations by the Administrator. As the court in Morgan v. Atlantic Coastline R. Co., supra, indicated, the burden of invoking the Administrator's assistance is on the employer. Id. at 619."

*Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982).

Plaintiff refers to Defendants' Exhibit List filed with the Pretrial Stipulation, and that on Defendants' list there are no entries regarding any of the required records, and therefore Defendants have failed to maintain any records to substantiate a cost credit for room and board. Therefore, any cost credit that Defendants seek cannot be substantiated, in accordance with the relevant section of the FLSA, and is, therefore, not admissible.

> "(C) Defendants have failed to maintain records or otherwise establish by credible evidence the "reasonable cost" or "fair value" of meals, lodging or other facilities claimed by defendants to have been furnished their employees for any period relevant to this action. *Marshall v. Debord d/b/a Bernies Rest Haven* 84 LC P33,721 E.D. Okla No. 77-106- (1978). **In order that an employer be entitled to credits under Section 3(m) of the Act, the employer has the burden of showing that he has satisfied the conditions imposed under the 3(m) of the Act and Regulations thereunder contained at 29 CFR Part 531."** [Emphasis Added].

*Marshall v. New Floridian Hotel, Inc*., 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979). *See also, Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 473-474 (11th Cir. 1982); *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500 (11th Cir. 1993)

Defendants may claim that they should be allowed to guess or approximate the reasonable cost or value, however, to do so would obliterate the safe guards put in place by Congress to ensure that the reasonable cost or fair market value is credited and that the employer does not profit by attempting to assert said credit.

> "This argument ignores the safeguard built into section 3(m) by Congress which prohibits an employer from profiting from his bargaining edge. An employer cannot deduct from the cash component of wages more than the "reasonable cost" of the meal as determined by the agency. 29 U.S.C.A. § 203(m). *Cf. Walling v. Peavy-Wilson Lumber Co.,* 49 F.Supp. 846, 862 (W.D.La.1943) (Congress limited the credit to the reasonable cost of the meals to prevent employers from circumventing the minimum wage law and 'profiteering' through excessive deductions from cash wages for facilities provided)."

*Davis Bros. v. Donovan*, 700 F.2d 1368, 1370-71 (11th Cir. 1983). *See Also*, *Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 473-474 (11th Cir. 1982).

That is precisely why an employer's guessing as to the reasonable cost or market value is prohibited. Plaintiff refers to Defendants Exhibit List filed with the Pretrial Stipulation, and Defendants list no Exhibits regarding any of the required records, and therefore have failed to maintain any records to substantiate a cost credit for room and board. An estimate after the employment of the reasonable rent that could be attributed to such a space is not a sufficient record kept during the course of employment. The employer must keep records during the employment period. *See, Caro-Galvan v. Curtis Richardson, Inc*, 993 F.2d 1500 (11th Cir. 1993).

Nor is such an estimate a bargained for agreement between the employer and the employee. Additionally, no records of the price of food were ever kept, nor the type of food provided, which would ultimately leave nothing but guesswork for a jury. Hence, the Defendant cannot carry their burden of proving the cost-credit.

8

> "Once the employee proves that the wages received were less than the statutory minimum, the burden shifts to the employer to prove with proper records the reasonable cost of the housing it furnished. *Donovan,* 676 F.2d at 475. **"An employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and Hour Division does not satisfy the employer's burden of proving reasonable cost."** *Id.* (citing *Marshall v. DeBord,* 84 Lab.Cas. ¶ 33,721, at 48,476 (E.D.Okla.1978))." [Emphasis Added].

*Caro-Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1514 (11th Cir. 1993).

The burden to prove a set-off, or cost credit, for room and board is on the Defendants through actual cost records. Such cannot be proven in this case because it would need to be reasonably based on actual records produced for the costs paid by the Defendants during the time of the employment, regardless of the fair market value of food/lodging. "Reasonable cost may not exceed the employer's actual cost. 29 C.F.R. §531.3(a)" *Id.* at 1513. Since there is only an estimate, provided by Defendants, of the fair market value of such lodging, and nothing as to food, the actual cost to the employer is unknown. Any estimate would be inadmissible because it could exceed the employers actual cost, evidence of which was not turned over during the extensive discovery period.

> "In this case, appellants alleged that the deductions Richardson made from their paychecks for rent and utilities unlawfully brought their net pay below minimum wage. The district court dismissed appellants' claims because it found that appellants had not proved that the deductions were unreasonable. In so doing, the court erroneously placed the burden of proof on appellants. Appellants introduced evidence showing that the deductions resulted in their net pay falling below minimum wage on many occasions. **At times appellants' take-home pay was nothing. Under *Donovan,* the burden thus shifted to Richardson to prove with records that the deductions were reasonable."** [Emphasis Added].

*Caro-Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1514 (11th Cir. 1993).

There are no actual records of the cost to the Defendants of the credits they are trying to claim through their defense of entitlement to credit for housing/meals. It was Defendants' responsibility to keep records of such, and turn over any such records as part of discovery. Hence, without records contemporaneous to employment, and records that reflect actual cost to Defendants, to ensure the estimate of housing does not exceed the cost to Defendants, there is no admissible basis for the mention of food/housing, because Defendants cannot carry their burden on same. Without being able to carry their burden with admissible evidence, the Defendants merely stand to complicate matters before this Court, lengthen the trial, and confuse the jury, unless all mention of food/housing is eliminated from the trial.

Furthermore, the cost credit analysis only applies to business in which the employer customarily provides these facilities to employees. There is absolutely no evidence produced during discovery, or available from depositions, that Pallet Recycling services customarily provide the room and board to their employees, and therefore the deductions are customary and qualify for a cost-credit.

> "Apparently the only exception to the requirement of the payment of wages at the minimum rate in dollars and cents is provided in Section 3(m) of the Act which states that under certain circumstances an employee's wage may include 'the reasonable cost, as determined by the administrator, to the employer of furnishing such employee with board, lodging, or other facilities, **if such board, lodging or other facilities are customarily furnished by such employer to his employees.**" [Emphasis Added].

*Shultz v. Hinojosa*, 432 F.2d 259, 266 (5th Cir. 1970)

This is not a case where the employer customarily provides room and board, hence the cost credit that is allowed by courts when the Defendant has kept proper records, should not be allowed by this Court. Not only are there no records, but the provision of food and housing has not been shown to be customary in the pallet recycling business. Hence, in addition to all other arguments,

since the CFR Section does not apply this Court should prevent any set-off argument from being

mentioned, because this is a minimum wage case. Application of a set-off would bring the

Plaintiff's wages even further below minimum wage, which is not permissible under prevailing

precedent.

> "Before the Court considers that possibility, however, it must first consider the applicability of a set-off defense in FLSA cases. In *Brennan v. Heard,* the former Fifth Circuit considered the appropriateness of set-offs applied for the value of goods furnished by the employer to the employee against the amount due in back pay in a FLSA case. *Brennan v. Heard,* 491 F.2d 1, 3 (5th Cir.1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). That case held that, in FLSA cases, **set-offs may not result in sub-minimum wage payments to an employee.** *Id.* at 1. In rejecting the use of set-offs in FLSA cases, the *Brennan* Court stated that the "FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court....**Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions.'** *Id.* at 4." (Emphasis Added).

*Perez v. S. Florida Landscape Maint., Inc.,* No. 13-80620-CIV, 2014 WL 293774, at *3 (S.D. Fla. Jan. 23, 2014). *See also, Garcia v. Nachon Enterprises, Inc.*, 2016 WL 1077107 (S.D. Fla. March 18, 2016); *Fernandez v. Xpress Painting Corp.*, 2012 WL 3562255 (S.D. Fla. Aug. 17, 2012).

> "The current Fifth Circuit later recognized an employer's ability to set-off an employee's recovery in FLSA cases, but narrowed set-off recovery to money "[that] can be considered wages that the employer pre-paid to the plaintiff-employee." *Martin*, 628 F.3d at 742. *Cf. Singer v. City of Waco*, 324 F.3d 813, 828 n.9 (5th Cir. 2003) (interpreting *Brennan* and **clarifying that an employer's set-off recovery cannot cause an employee's FLSA recovery to fall below the statutory minimum wage**)."(Emphasis Added)

*Pioch v. IBEX Eng'g Servs., Inc.*, No. 15-10845, 2016 WL 3254138, at *7 (11th Cir. June 14, 2016); *See also, Geter v. Galardi South Enterprises, Inc.*, 43 F.Supp.3d 1322 (S.D. Fla. 2014); *Bengas v. One Two Tree*, 2010 WL 321067 (S.D. Fla. Aug. 12, 2010); *Leite v. Tremron, Inc.*, 2012 WL 4049962 (S.D. Fla. Sept. 13, 2012); *Moura v. Culinary Advisors, Inc.*, 2014 WL 979104 (S.D. Fla. March 12, 2014).

Furthermore, on appeal, the Eleventh Circuit has held that in order to assert a cost credit, the Defendant (employer) must maintain records of the actual cost of said housing and how it is applied to the wages paid to Plaintiff, partially to ensure the cost to the employer is the actual cost passed on to the employee, and no higher figure.

> "Reasonable cost may not exceed the employer's actual cost. 29 C.F.R. § 531.3(a). The employer is responsible for maintaining and preserving records substantiating that cost. *Id.* § 516.27."

*Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993)

> "Section 3(m) of the FLSA, 29 U.S.C.A. § 203(m) (West 1978), allows employers to include the reasonable cost of servicing meals, lodging, or other facilities in employee wages for purposes of the FLSA. When calculating the amount of back wages due to an employee under the FLSA, therefore, the employer is entitled to a credit for the reasonable cost of providing the meals and lodging. The regulations promulgated by the Secretary define "reasonable cost" "to be not more than the actual cost to the employer of the board, lodging, or other facilities customarily furnished by him to his employees." 29 C.F.R. § 531.3(a) (1981). " "Reasonable cost' does not include a profit to the employer or to any affiliated person." Id. § 531.3(b). **The regulations require employers to keep certain records of the cost incurred in furnishing board, lodging or other facilities, id. §516.27(a), and also require the employer to maintain records showing additions or deductions from wages paid for board, lodging or other facilities on a work week basis.** Id. § 516.28(b)." [Emphasis added].

*Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 473-474 (11th Cir. 1982).

As set forth in footnote 13 in *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982):

> "Both section 3(m) of the FLSA and the regulations provide for requests by employers for a determination of reasonable cost by the Administrator. In fact, 29 C.F.R. s 531.4(a) (1981) establishes a

> specific procedure to facilitate such determinations by the
> Administrator. As the court in Morgan v. Atlantic Coastline R. Co.,
> supra, indicated, the burden of invoking the Administrator's
> assistance is on the employer. Id. at 619."

*Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 475 (11th Cir. 1982).

Plaintiff refers to Defendants' Exhibit List filed with the Pretrial Stipulation, and that on Defendants' list there are no entries regarding any of the required records, and therefore Defendants have failed to maintain any records to substantiate a cost credit for room and board. Therefore, any cost credit that Defendants seek cannot be substantiated, in accordance with the relevant section of the FLSA, and is, therefore, not admissible.

> "(C) Defendants have failed to maintain records or otherwise
> establish by credible evidence the "reasonable cost" or "fair value"
> of meals, lodging or other facilities claimed by defendants to have
> been furnished their employees for any period relevant to this action.
> *Marshall v. Debord d/b/a Bernies Rest Haven* 84 LC P33,721 E.D.
> Okla No. 77-106- (1978). **In order that an employer be entitled
> to credits under Section 3(m) of the Act, the employer has the
> burden of showing that he has satisfied the conditions imposed
> under the 3(m) of the Act and Regulations thereunder contained
> at 29 CFR Part 531."** [Emphasis Added].

*Marshall v. New Floridian Hotel, Inc*., 1979 U.S. Dist. LEXIS 10122, 28-30 (S.D. Fla. Aug. 29, 1979). *See also, Donovan v. New Floridian Hotel, Inc*., 676 F.2d 468, 473-474 (11th Cir. 1982); *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500 (11th Cir. 1993)

Defendants may claim that they should be allowed to guess or approximate the reasonable cost or value, however, to do so would obliterate the safe guards put in place by Congress to ensure that the reasonable cost or fair market value is credited and that the employer does not profit by attempting to assert said credit.

13

> "This argument ignores the safeguard built into section 3(m) by Congress which prohibits an employer from profiting from his bargaining edge. An employer cannot deduct from the cash component of wages more than the "reasonable cost" of the meal as determined by the agency. 29 U.S.C.A. § 203(m). *Cf. Walling v. Peavy-Wilson Lumber Co.,* 49 F.Supp. 846, 862 (W.D.La.1943) (Congress limited the credit to the reasonable cost of the meals to prevent employers from circumventing the minimum wage law and 'profiteering' through excessive deductions from cash wages for facilities provided)."

*Davis Bros. v. Donovan*, 700 F.2d 1368, 1370-71 (11th Cir. 1983). *See Also*, *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 473-474 (11th Cir. 1982).


That is precisely why an employer's guessing as to the reasonable cost or market value is prohibited. Plaintiff refers to Defendants Exhibit List filed with the Pretrial Stipulation, and Defendants list no Exhibits regarding any of the required records, and therefore have failed to maintain any records to substantiate a cost credit for room and board. An estimate after the employment of the reasonable rent that could be attributed to such a space is not a sufficient record kept during the course of employment. The employer must keep records during the employment period. *See, Caro-Galvan v. Curtis Richardson, Inc*, 993 F.2d 1500 (11th Cir. 1993).

Nor is such an estimate a bargained for agreement between the employer and the employee. Additionally, no records of the price of food were ever kept, nor the type of food provided, which would ultimately leave nothing but guesswork for a jury. Hence, the Defendant cannot carry their burden of proving the cost-credit.

> "Once the employee proves that the wages received were less than the statutory minimum, the burden shifts to the employer to prove with proper records the reasonable cost of the housing it furnished. *Donovan,* 676 F.2d at 475. **"An employer's unsubstantiated estimate of his cost, where the employer has failed to comply with the recordkeeping provisions of the FLSA, and where there has been no determination of reasonable cost by the Wage and**

14

> **Hour Division does not satisfy the employer's burden of proving reasonable cost."** *Id.* (citing *Marshall v. DeBord,* 84 Lab.Cas. ¶ 33,721, at 48,476 (E.D.Okla.1978))." [Emphasis Added].

*Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1514 (11th Cir. 1993).

The burden to prove a set-off, or cost credit, for room and board is on the Defendants through actual cost records. Such cannot be proven in this case because it would need to be reasonably based on actual records produced for the costs paid by the Defendants during the time of the employment, regardless of the fair market value of food/lodging. "Reasonable cost may not exceed the employer's actual cost. 29 C.F.R. §531.3(a)" *Id.* at 1513. Since there is only an estimate, provided by Defendants, of the fair market value of such lodging, and nothing as to food, the actual cost to the employer is unknown. Any estimate would be inadmissible because it could exceed the employers actual cost, evidence of which was not turned over during the extensive discovery period.

> "In this case, appellants alleged that the deductions Richardson made from their paychecks for rent and utilities unlawfully brought their net pay below minimum wage. The district court dismissed appellants' claims because it found that appellants had not proved that the deductions were unreasonable. In so doing, the court erroneously placed the burden of proof on appellants. Appellants introduced evidence showing that the deductions resulted in their net pay falling below minimum wage on many occasions. **At times appellants' take-home pay was nothing. Under *Donovan,* the burden thus shifted to Richardson to prove with records that the deductions were reasonable."** [Emphasis Added].

*Caro-Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1514 (11th Cir. 1993).

There are no actual records of the cost to the Defendants of the credits they are trying to claim through their defense of entitlement to credit for housing/meals. It was Defendants' responsibility to keep records of such, and turn over any such records as part of discovery. Hence, without records contemporaneous to employment, and records that reflect actual cost to Defendants, to ensure the estimate of housing does not exceed the cost to Defendants, there is no

admissible basis for the mention of food/housing, because Defendants cannot carry their burden

on same. Without being able to carry their burden with admissible evidence, the Defendants merely

stand to complicate matters before this Court, lengthen the trial, and confuse the jury, unless all

mention of food/housing is eliminated from the trial.

Furthermore, the cost credit analysis only applies to business in which the employer

customarily provides these facilities to employees. There is absolutely no evidence produced

during discovery, or available from depositions, that Pallet Recycling services customarily provide

the room and board to their employees, and therefore the deductions are customary and qualify for

a cost-credit.

> "Apparently the only exception to the requirement of the payment
> of wages at the minimum rate in dollars and cents is provided in
> Section 3(m) of the Act which states that under certain
> circumstances an employee's wage may include 'the reasonable
> cost, as determined by the administrator, to the employer of
> furnishing such employee with board, lodging, or other facilities, **if
> such board, lodging or other facilities are customarily furnished
> by such employer to his employees.**" [Emphasis Added].

*Shultz v. Hinojosa*, 432 F.2d 259, 266 (5th Cir. 1970)

Since Defendants are not entitled to argue set off, and are not entitled to a cost credit, they

should not be permitted to reference Defendants provision of food and housing to Plaintiff before

the Jury as such would be prejudicial.  The Eleventh Circuit has established record keeping as a

requirement to claim a cost-credit, which was not done in the instant case. Therefore, the

requirement to claim any credit/set-off was not met, the defense cannot be asserted and any

reference to food/lodging of Plaintiff by Defendants is inadmissible. The Court should exclude

such evidence because the probative value is substantially outweighed by the prospect of prejudice.

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F.Supp 1125, 1146 (E.D. Pa. 1980), *aff'd*

16

*in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).  *See*, Fed.R.Evid. Rule 403.

**Wherefore**, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and exclude any reference to the above listed issues at trial.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## CERTIFICATE OF CONFERRAL

Defendants have not stated approval or opposition to the relief requested, despite email communications asking if they agree to such relief. Hence, because the subject was not addressed in Defense Counsel's email to Plaintiff's Counsel today, Plaintiff's Counsel is not in a position to state if Defense Counsel is in agreement or disagreement to the relief sought above.

S/ Joshua H. Sheskin
Joshua H. Sheskin Esq.,
Fla. Bar. 93028

17

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

August 15, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By:  /s/ Joshua Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

18