6.12`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-22087-AOR

MEDARDO KAUFFMAN BAREA and all
others similarly situated under 29 U.S.C.
216(b),

                Plaintiff,

   vs.

MIAMI USED PALLETS, CORP.;
ROBERTO RODRIGUEZ RAMOS;
FLORIDA USED PALLETS, INC.; &
ROSA M. ORAMA.

              Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The Parties, Plaintiff MEDARDO KAUFFMAN BAREA and Defendants MIAMI USED

PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; &

ROSA M. ORAMA, jointly file the following Jury Instructions pursuant to Local General Rule

16.1(e) and the Court's Order Establishing Pretrial Deadlines [D.E. 66] hereby submit their

proposed Jury Instructions and Verdict Form. Instructions proposed only by Plaintiffs to which

Defendants object are in *italics*, and instructions proposed only by Defendants to which Plaintiff

objects are **bold-faced**.

1

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel. (305) 865-6766
Fax. (305) 865-7167
Email: amorgado.jhzidell@gmail.com

By:  /s/ Allyson Morgado          
        Allyson Morgado


J.H. Zidell P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 305-865-7167
Email: jsheskin.jhzidellpa@gmail.com

By: /s/ Joshua Howard Sheskin
      Joshua Howard Sheskin

*Counsel for Plaintiff*


Scott Egleston, P.A.
152 N.E. 167th Street, Suite 300
Miami, Florida 33162
Tel. (305) 892-8088
Fax. (305) 675-3730
Email: scott@eglestonlegal.com

By: /s/ Scott Daniel Egleston          
        Scott Daniel Egleston


Stephen N. Rosenthal
20533 Biscayne Boulevard
Aventura, FL 33180
305-931-1115
Fax: 931-1180
Email: snrlw@aol.com

By: /s/   Stephen N. Rosenthal          
        Stephen N. Rosenthal

*Counsel for Defendants*

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question

suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- ⋅ the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- ⋅ the witness's memory;

- ⋅ the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. This case arises under the Fair Labor Standards Act (sometimes referred to as the "FLSA"), the federal law that, among other things, provides for the payment of overtime wages. This case also arises under Florida Statute §448.110 that provides for the payment of minimum wages. The Plaintiff, MEDARDO KAUFFMAN BAREA, claims the Defendant, MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA, did not pay his overtime and minimum wages owed to him under the FLSA and Florida Law. MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA deny that claim and contend that Plaintiff was paid properly for all hours worked.

Burden of proof:

MEDARDO KAUFFMAN BAREA has the burden of proving his case by what the law calls a "preponderance of the evidence." That means MEDARDO KAUFFMAN BAREA must prove that, in light of all the evidence, what her claims more likely true than not. So, if you could put the evidence favoring MEDARDO KAUFFMAN BAREA and the evidence favoring MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED

5

PALLETS, INC.; & ROSA M. ORAMA on opposite sides of balancing scales, MEDARDO KAUFFMAN BAREA needs to make the scales tip to his side. If MEDARDO KAUFFMAN BAREA fails to meet this burden, you must find in favor of MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA must prove for any affirmative defense. After considering all the evidence, if you decide that MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.

Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, MEDARDO KAUFFMAN BAREA will present his witnesses and ask them questions. After MEDARDO KAUFFMAN BAREA questions the witness, MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA may ask the witness questions – this is called "cross-examining" the witness. Then MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA will present their witnesses, and MEDARDO KAUFFMAN BAREA may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

.

**1.2 Burden of Proof – Clear and Convincing Evidence**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**1.3 Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-22087-AOR

MEDARDO KAUFFMAN BAREA and all        )
others similarly situated under 29 U.S.C.   )
216(b),                                )
                                       )
                Plaintiff,             )
        vs.                            )
                                       )
                                       )
MIAMI USED PALLETS, CORP.;             )
ROBERTO RODRIGUEZ RAMOS;               )
FLORIDA USED PALLETS, INC.; &          )
ROSA M. ORAMA.                         )
                                       )
                Defendants.            )
_____ )

**3.1 Introduction**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes

called deliberations.

<u>**To Be Given at The End Of The Case**</u>

**Proposed Instruction One Duty to Follow Instructions**

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Proposed Instruction Two Evidence**

**3.3 Consideration of Direct and Circumstantial Evidence;**
    **Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Proposed Instruction Three Credibility of Witnesses**

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Proposed Instruction Four Impeachment and Inconsistent Statements**

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Proposed Jury Instruction Five Plaintiff's Claims**

**3.7.1 Responsibility for Proof – Plaintiff's Claims– Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

**Proposed Instruction Six Proof of Affirmative Defenses**

**3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, the MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA assert the affirmative defenses as follows:

First Affirmative Defense: Defendants acted in good faith and did not knowingly or willfully disregard their obligation under the FLSA and are therefore entitled to the protections of the Portal-to-Portal act.

Second Affirmative Defense: Plaintiff is not entitled to compensation for any time that is de minimus.

Third Affirmative Defense: The Plaintiff comes before this Court with unclean hands and further having admitted the following facts have nevertheless failed to include the facts that as a material part of Plaintiff's employment and compensation, the Defendants provided housing, utilities, food (breakfast, lunch and dinner), payment for work performed, cable, laundry services and supplies and all other incidentals. That same was mutually agreed to by the parties.

Fourth Affirmative Defense: Defendants assert that Plaintiff was paid all monies due to him consistent with applicable laws and regulations.

Fifth Affirmative Defense: Defendants assert that funds and other benefits provided to Plaintiff constituted compensation to Plaintiff to satisfy wage requirements. This was agreed to by the parties and was for the Plaintiffs benefit.

<u>Sixth Affirmative Defense:</u> Defendants assert that as to those allegations which are outside the applicable two (2) year statute of limitations period that the Plaintiff's claims are barred.   In the evnt that the Plaintiff establishes a willful violation as required pursuant to F.L.S.A. all claims outside the applicable three year statute of limitations are barred.

<u>Seventh Affirmative Defense:</u> Defendants assert that the agreement in place covering the work and pay of the Plaintiff was reasonable under all pertinent facts and therefore should be accepted pursuant to 29 U.S.C 785.23.

Even if the MEDARDO KAUFFMAN BAREA proves his claims by a preponderance of the evidence, MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each separately.

I caution you that the MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA do not have to disprove MEDARDO KAUFFMAN BAREA's claims, but if MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA raised an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

**Proposed Instruction Seven Duty of Deliberation Only When the Plaintiff Claims Damages**

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this Case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Proposed Instruction Eight**

**4.14 Fair Labor Standards Act—29 U.S.C. §§ 201 et seq.**

In this case, MEDARDO KAUFFMAN BAREA claims that MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA did not pay him the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA and minimum wage required by the FLSA and Florida Statute § 448.110.

To succeed on his claim against MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA, MEDARDO KAUFFMAN BAREA must prove each of the following facts by a preponderance of the evidence:

First: MEDARDO KAUFFMAN BAREA was an employee of MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA, and MEDARDO KAUFFMAN BAREA was engaged in commerce or in the production of goods for commerce or was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA failed to pay MEDARDO KAUFFMAN BAREA the minimum wage and overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, the Parties have stipulated that MEDARDO KAUFFMAN BAREA was employed by MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA, an enterprise engaged in commerce

20

or in the production of goods for commerce. As such, the first element has already been proven and you do not have to decide that issue.

Minimum wage claim: The minimum wage required by the FLSA during the period involved in this case was $7.25. The minimum wage required by Florida Statute § 448.110 in 2010 was $7.21, in 2011 was $7.31, in 2012 was $7.67, in 2013 was $7.79, in 2014 was $7.93 and in 2015 was $8.05. ***To determine whether an employer has paid the minimum wage, it is entitled to a credit for the reasonable costs of furnishing non cash items to MEDARDO KAUFFMAN BAREA unless those costs are excluded from MEDARDO KAUFMAN BAREA'S wages under the terms of a union contract that applies to MEDARDO KAUFMAN BAREA, such as meals and lodging for the employee's benefit, and the employee voluntarily accepts them.***

Overtime claim: The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours MEDARDO KAUFFMAN BAREA's weekly salary was intended to compensate. To calculate how much overtime pay was owed to MEDARDO KAUFFMAN BAREA for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M.

ORAMA failed to pay MEDARDO KAUFFMAN BAREA the required overtime pay if they paid him less than that amount.

The amount of damages is the difference between the amount MEDARDO KAUFFMAN BAREA should have been paid and the amount he was actually paid. MEDARDO KAUFFMAN BAREA is entitled to recover lost wages from the date of your verdict back to no more than four years before he filed this lawsuit on June 1, 2015 – unless you find that the employer's actions were willful under Florida Statute § 448.110. If you find that the employer knew or showed reckless disregard for whether the Florida Statute § 448.110 prohibited its conduct, then MEDARDO KAUFFMAN BAREA is entitled to recover lost wages from date of your verdict back to no more than five years before he filed this lawsuit.

*The amount of damages is the difference between the amount MEDARDO KAUFFMAN BAREA should have been paid and the amount he was actually paid. MEDARDO KAUFFMAN BAREA is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit on June 1, 2015 - unless you find that the either knew or showed reckless disregard whether the FLSA prohibited its conduct. If you find that the employer knew or showed reckless disregard for whether the FLSA prohibited its conduct, then MEDARDO KAUFMAN BAREA is entitled to recover lost wages from the date of your verdict back to no more than three years before he filed the lawsuit.*

Inadequate Records: The law requires an employer to keep records of how many hours their employees work and the amount they are paid. In this case, MEDARDO KAUFFMAN BAREA claims that MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA failed to keep and maintain adequate records of his hours and pay. MEDARDO KAUFFMAN BAREA also claims that MEDARDO

KAUFFMAN BAREA claims that MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA's failure to keep and maintain adequate records has made it difficult for MEDARDO KAUFFMAN BAREA to prove the exact amount of his claim.

If you find that MIAMI USED PALLETS, CORP.; ROBERTO RODRIGUEZ RAMOS; FLORIDA USED PALLETS, INC.; & ROSA M. ORAMA failed to keep adequate time and pay records for MEDARDO KAUFFMAN BAREA and that MEDARDO KAUFFMAN BAREA performed work for which he should have been paid, MEDARDO KAUFFMAN BAREA may recover a reasonable estimation of the amount of his damages. But to recover this amount, MEDARDO KAUFFMAN BAREA must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED FOR FLORIDA MINIMUM WAGE CLAIM).

**Proposed Jury Instruction Nine Further Record Keeping Obligation of Employer Under the FLSA**

(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and

24

nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

(b) Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)

**Proposed Jury Instruction Ten Reasonable Inference**

It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act.  "Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

**Proposed Jury Instruction Eleven Employee Permitted to Work**

      Permitting an employee to engage in an activity is considered "work" under the FLSA.

29 U.S.C. 203 (e)(1)

**Proposed Jury Instruction Twelve "Employ" Defined**

The term "employ" is defined as "to suffer or permit to work."

29 U.S.C. §203(g)(1); Anglin v. Maxim Healthcare Servs., 2009 U.S. Dist. LEXIS 70155, *7 (M.D. Fla. July 22, 2009)

**Proposed Jury Instruction Thirteen Employer Broadly Defined Under the FLSA**

Under the Fair Labor Standards Act, the term "Employer" is defined more broadly than the term would be interpreted in traditional common law application in order to meet the remedial purposes behind the Fair Labor Standards Act.

*Falk v. Brennan*, 414 U.S. 190 (1973)., *McLaughlin v. Seafood, Inc.*, 867 F.2d 875 (5th Cir. 1989), *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

**Proposed Jury Instruction Fourteen Several Employers**

Several employers may be liable for an employee's overtime wages under the Fair Labor

Standards Act.


*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

**Proposed Jury Instruction Fifteen Who Is An Employer**

Any person who acts indirectly in the interest of [Plaintiff's] employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act. The Parties have stipulated that all four defendants were Plaintiff's employer, hence you do not need to decide if any individual qualified, or did not qualify, as an employer.

29 U.S.C. 203 (d)

**Proposed Jury Instruction Sixteen Standby or Waiting Time**

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

**Proposed Jury Instruction Seventeen "Rest Period and Meal Period."**

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as *bona fide* meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

**Proposed Jury Instruction Eighteen Rights to Overtime Non-Waivable**

An individual employee's rights for overtime under the Fair Labor Standards Act cannot be *abridged by contract* or otherwise waived by the employee.

*Barrentine v. Arkansas-Best Freight Sys., Inc*., 450 U.S. 728 (U.S. 1981) *Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998)

**Proposed Jury Instruction Nineteen Work Defined**

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

**Proposed Jury Instruction Twenty Compensable Time**

"Compensable time" includes far more than the time that the employee spends engaged in active

labor.

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134
(1944)

**Proposed Jury Instruction Twenty-One "Willfulness"**

*A willful violation means a violation in circumstances where the employer knew, or showed reckless disregard for the fact that its conduct was forbidden by the FLSA.*

Morgan, 551 F. 3d at 1283 (quoting U.S.C. 255(a) )

**Proposed Instruction Twenty-Two Foreperson, Verdict Forms and Deliberation**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Proposed Jury Instruction Twenty Three Expert Witness

3.6.1 Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has specialized training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Proposed Jury Instruction twenty four Affirmative Defenses

      The Defendant  have raised what are known as Affirmative Defenses in this case.  There affirmative defenses have been previously read to you. If you find by a preponderance of the evidence that the Defendants have proven any of their affirmative defenses