UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-22087-AOR

MEDARDO KAUFFMAN BAREA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiff, )
vs. )
 )
MIAMI USED PALLETS, CORP.; )
ROBERTO RODRIGUEZ RAMOS; )
FLORIDA USED PALLETS, INC.; & )
ROSA M. ORAMA. )
 )

        Defendants.
_____

**JOINT PRE-TRIAL STIPULATIONS IN ACCORDANCE WITH RULE 16.1E and D.E. 66**

**(1) Short Concise Statement of the Case by Each Party**

**A: Plaintiff:**

Plaintiff brings this claim against all Defendants, jointly and severally, under the Fair Labor Standards Act, regarding alleged unpaid overtime under the FLSA and unpaid minimum wages under the FLSA and Fla. Stat. § 448.110, along with liquidated damages, fees and costs. Plaintiff was employed as a forklift driver by Defendants and is claiming that he was not paid his legally mandated wages.

**B: Defendant:**

**In the case at bar the Plaintiffs are seeking damages as set forth in their amended statement of claim. Defendants have denied same and claim that Plaintiff was paid $600.00**

1

**per week plus additional compensation, tips[1] and benefits based upon having provided housing utilities and meals for which Defendants claim that the Plaintiff has not factored or made adjustments with respect thereto. Defendants have also claimed that they are entitled to a credit /setoff with respect to same, and further claim that the Plaintiff comes before this Court with unclean hands and should be estopped from obtaining the relief sought herein, in addition to Defendants remaining affirmative defenses.**

**(2) Jurisdiction of The Court:**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343. This case is brought pursuant to The Fair Labor Standards Act, found in 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

**(3) Pleadings Raising the Issues**

A: Second Amended Complaint against all defendants D.E. 90

B: Defendants Answer and Affirmative Defenses to Amended Complaint D.E. 93

C: Plaintiff's Statement of Claim, and Amended Statement of Claim.

D. Depositions

E. Interrogatories

F. Request for Admissions

G Notices pursuant to Florida statute 448.109, 448.110

**(4) A List of All Undisposed of Motions or Other Matters Requiring Attention of the Court**

A: Plaintiff's Motion In Limine

---

[1] Plaintiff objects to any reference regarding tips as this has never been pled by the Defendants.

B: Defendants Response to Plaintiff's Motion in Limine.

**(5) A Concise Statement of Uncontested Facts Which Will Require No Proof At Trial, with Reservations**

A: The Parties have stipulated to the following facts pursuant to D.E. 87. The Parties have stipulated that Defendants, ROSA M. ORAMA, FLORIDA USED PALLET, INC., MIAMI USED PALLETS, CORP., and ROBERTO RODRIGUEZ RAMOS were Plaintiff's joint FLSA employers for the relevant years that Plaintiff worked for the Defendants. The Parties further stipulated that FLSA Jurisdiction/Enterprise Coverage exists as to Defendants, FLORIDA USED PALLET, INC. and MIAMI USED PALLETS, CORP.

**(6) Issues of Fact Which Require Proof at Trial**

**(a) <u>For Plaintiff</u>**

I:      The number of hours Plaintiff worked each week.

II:     The amount of Plaintiff's hourly Pay.

III:    Whether Plaintiff is owed overtime wages and, if so, how much overtime Plaintiff is owed from the Defendants.

IV:    Whether Plaintiff is owed minimum wages and, if so, how much minimum wages Plaintiff is owed from the Defendants.

V:     Whether Defendants maintained accurate time records for the Plaintiff's hours worked on a weekly basis for all of the weeks Plaintiff was employed by the Defendants.

VI:    Whether the Defendants acted willfully or in reckless disregard of the provisions of the FLSA in not paying overtime wages to the Plaintiff for any of the weeks he worked in excess of 40 hours weekly.

VII:   Whether the Defendants acted willfully or in reckless disregard of the provisions of the FLSA and Florida Law in not paying minimum wages to the Plaintiff, for any of the weeks of Plaintiff's employment.

VIII:  If Plaintiff is entitled to liquidated damages and attorney's fees, to be determined by the Court post-trial.

### For Defendants

I:   The number of hours Plaintiff worked each week, durable applicable stature of limitations.

II:  The amount of Plaintiff's hourly Pay.

III: Whether Plaintiff is owed overtime wages and, if so, how much overtime Plaintiff is owed from the Defendants.

IV:  Whether Plaintiff is owed minimum wages and, if so, how much minimum wages Plaintiff is owed from the Defendants.

V:   Whether Defendants maintained accurate time records for the Plaintiff's hours worked on a weekly basis for all of the weeks Plaintiff was employed by the Defendants.

VI:  Whether Defendants are entitled to the recovery of reasonable attorneys' fees and costs.

VII: Whether Defendants are entitled to a credit/set-off for having provided additional compensation in the form of housing, food, utilities and additional benefits.

VIII: Whether Plaintiff was a salaried employee.

IX. Whether Plaintiff is entitled to the award of liquidated damages.

X. Whether Defendants are entitled to the award of reasonable attorneys' fees and/or costs.

XI. Whether Defendants acts in good faith and had reasonable grounds for believing its alleged acts or omissions constituted a violation of the FLSA.

XII. Whether Plaintiff's action should be denied and/or barred by virtue of the Doctrine of Unclean Hands.

XIII. Whether Plaintiff's actions should be denied and/or barred by virtue of the Doctrine of Equitable Estoppel and other affirmative defenses

**(7) A Concise Statement of Law on Which the Parties Agree**

1. FLSA Enterprise Coverage exists and all four defendants are joint employers for the purposes of their liability.

2. The Court exercises proper jurisdiction over this case and all four defendants.

**(8) A Concise Statement of Issues of Law Which Remain for Determination by The Court**

**Plaintiff's Issues:**

A:   Imposition of Liquidated Damages should Plaintiffs prevail at trial. To be determined post trial motion based on evidence at trial.

B:	Attorneys fees and costs should Plaintiffs prevail at trial. To be determined post trial motion based on evidence at trial.

C:	Whether Defendants acted willfully.

D:	Whether the Court will allow Defendants to reference room and board and other incidentals during the trial.

**For Defendants:**

A:	Imposition of Liquidated Damages should Plaintiffs prevail at trial. To be determined post trial motion based on evidence at trial.

B:	Attorneys' fees and costs should Plaintiffs or Defendants prevail at trial. To be determined post trial motion based on evidence at trial.

C:	Whether Defendants acted willfully.

D:	Whether the Court will allow Defendants to reference room, board, food, utilities and benefits during the trial.

E.	Whether Defendants are entitled to a credit/set-off for housing, food, utilities and benefits provided to Plaintiff.

F.	Whether Plaintiff was a salaried employee.

G.	Whether Plaintiff is entitled to the award of liquidated damages.

H.	Whether Defendants are entitled to the award of reasonable attorneys' fees and/or costs.

I.	Whether Defendants acted in good faith and had reasonable grounds for believing its alleged acts or omissions constituted a violation of the FLSA.

J.	Whether Plaintiff's actions should be denied and/or barred by virtue of the Doctrine of Unclean Hands and/or equitable estoppel and other affirmative defenses. .

K. Whether employer acted in good faith and had reasonable grounds for believing that the Defendants acts or omissions was not a violation of 24 Article 10 of the State Constitution as set forth in Florida statute 448.110.

L. Whether the Defendants are entitled to any set off for tips received by the Plaintiff

### (9) Each Party's List of Trial Exhibits and Objections

A: Plaintiffs' Trial Exhibit List is attached under separate cover

B: Defendants' Trial Exhibit List is attached under separate cover

### (10) Each Party's List of Trial Witnesses

A: Plaintiff's Witness List is attached under separate cover

B: Defendant's Witness List is attached under separate cover

### (11) Estimated Length of Trial

The Parties estimate the case should take between three and four days to try.

### (12) Attorneys' Fees

Plaintiff estimates their fees through post-trial motions will be approximately $125,000 should they prevail at trial.